**Larry Bernard MITCHELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51833.**

Court of Criminal Appeals of Texas.

Jan. 5, 1977.

Kerry P. Fitzgerald and Thomas W. Pauken, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell D. Templeton and Richard G. Worthy, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

By per curiam opinion this cause was dismissed for lack of a timely sentence. A proper sentence has been entered and notice of appeal given. The appeal is ordered reinstated on the docket and will now be considered on the merits.

Appellant was convicted for aggravated rape. V.T.C.A., Penal Code Sec. 21.03. Punishment was assessed at fifty years.

In his third ground of error appellant contends the trial court erred in excluding testimony that the prosecutrix had a reputation of being a common prostitute.

Appellant testified at trial and asserted that the sexual intercourse was consented to by the prosecutrix. He stated that afterwards the prosecutrix threatened to tell his wife if he did not give her some money. After this threat appellant slapped her and she told him he would be sorry. Appellant's testimony, the truth or credibility of which is not a matter for appellate consideration, raised the issue of consent.

In *Burton v. State,* Tex.Cr.App., 471 S.W.2d 817, it was stated:

"When the consent of a prosecutrix becomes an issue in a rape case, her repu-

tation for unchastity may be shown . . .."

In *Campbell v. State,* 147 Tex.Cr.R. 192, 179 S.W.2d 547, a prosecution for rape by force, the defendant took the stand and raised the issue of consent. On appeal the conviction was reversed, the Court stating:

". . . it was error not to allow the appellant to prove, if he could do so, the general reputation of prosecutrix as a common prostitute as affecting the matter of her consent or lack thereof to the admitted carnal act, and for that reason this judgment is reversed and the cause remanded."

On motion for rehearing the following additional statement was made in response to the State's assertion that the error was not reversible:

"It must be remembered that appellant's sole and only defense was that the prosecutrix consented to the act of intercourse for pay, and that her outcry was prompted, not by the fact that she had been assaulted, but by reason of appellant's failure to pay her more money. Under the authority of *Graham v. State,* 125 Tex.Cr.R. 210, 67 S.W.2d 296, the proffered testimony was material upon this defensive theory." 179 S.W.2d 550.

■ The State in its brief does not take issue with the admissibility in this case of evidence of the general reputation of prosecutrix as a common prostitute. The State instead contends that Johnny Torren, the witness by whom such testimony was to be given, was not qualified to give such testimony. The State relies upon *Broussard v. State,* 134 Tex.Cr.R. 1, 114 S.W.2d 248, for the proposition that a witness who has never heard any person say that one's reputation is bad is not qualified to speak. The witness Torren testified upon cross-examination by the State (out of the presence of the jury) as follows:

"Q. Okay, and as to your statement just then that you know of her reputation as being a common prostitute, upon what is that based; is that based upon that one incident there at Church's?

"A. And hearsay.

"Q. And hearsay?

"A. Yes.

"Q. Have you ever heard of her taking money for anybody else?

"A. No.

"Q. Well, that's what a prostitute is, you know, somebody that takes money; are you saying that you are basing that opinion really just upon that once [sic] incident there at Church's Fried Chicken?

"A. Well, there are other people that told me.

\*        \*        \*        \*        \*        \*

"Q. . . . Who are the people, which people have told you things that formed the basis of your opinion that she has a bad reputation for being chaste or unchaste?

"A. People in a bar, you know, I don't know their names. Leslie is one of them.

"Q. Who else?

"A. Well, I don't know their names.

"Q. Which bar?

"A. At the Kofson down near the mini bar (phonetic).

"Q. They just talk about her frequently?

"A. Not frequently, I mean unless it's together.

"Q. Is Leslie the only person you can name?

"A. Yeah."

Contrary to the State's assertions, this testimony demonstrates that the witness was qualified to give the testimony on reputation of the prosecutrix that was excluded. In *Sanchez v. State,* Tex.Cr.App., 398 S.W.2d 117, 120, the Court stated, "The opinion as to one's general reputation in a community is, by necessity, based upon hearsay." In *Henry v. State,* Tex.Cr.App., 433 S.W.2d 430, 433, it was stated, "Testimony as to reputation is customarily based on what the witness has heard others say." Other cases discussing the relation between reputation testimony and hearsay include

*Mitchell v. State,* Tex.Cr.App., 524 S.W.2d 510, and *Brown v. State,* Tex.Cr.App., 477 S.W.2d 617.

The excluded evidence was central to appellant's defense, and the error in excluding it requires reversal.

The judgment is reversed and the cause remanded.