592 P.2d 778

**STATE of Arizona, Appellee,**

v.

**Robert Lee QUINN, Appellant.**

**No. 1 CA–CR 2420.**

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 7, 1978.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Diane DeBrosse Hienton, Asst. Attys. Gen., Phoenix, for appellee.

Michael D. Kimerer and Robert B. Hoffman, Phoenix, for appellant.

## OPINION

FROEB, Chief Judge.

Appellant was charged with two counts of aggravated assault and one count each of kidnapping with intent to commit rape, second-degree burglary, sodomy, first-degree rape, and lewd and lascivious acts. At trial appellant was granted a judgment of acquittal on the two counts of aggravated assault and the burglary charge. The jury returned verdicts of guilty on the charges for sodomy and for lewd and lascivious conduct. Appellant waived his right to a jury trial on the remaining charges and the judge found him guilty of first-degree rape and not guilty of kidnapping with intent to commit rape. Appellant was sentenced to four to five years on the sodomy charge, and thirteen to fifteen years on the rape and lewd and lascivious charges, all sentences to run concurrently.

Appellant raises three issues:

1. Did the court's in camera interview of the prosecutrix relating to prior acts of prostitution, outside the presence of defendant and defense counsel, violate appellant's sixth amendment right to confront witnesses against him?

2. Was appellant denied due process of law and the right of confrontation guaranteed by the sixth amendment and Ariz. Const. art. 2, § 24 when the court and counsel opened the verdicts outside the presence of defendant and when the verdicts were read outside the presence of the jury?

3. Did the court abuse its discretion in refusing to allow further cross-examination of the prosecutrix as to prior inconsistent statements?

The events leading to the charges culminated in the home of the victim on June 15, 1976, in the city of Kingman, Arizona. During the evening hours appellant attacked the victim and, in the midst of considerable physical abuse, forced her to engage in both anal and vaginal intercourse, the sordid details of which require no further elaboration in the decision of the issues before us.

Appellant had met the victim for the first time on June 14, 1976, in the Castle Rock Bar near Kingman. After a drink there, they went to the Big G Bar and continued drinking. When the victim learned that appellant was married, she wanted nothing more to do with him. The next day the two

met again through happenstance while driving their cars. After stopping the vehicles, appellant asked the victim if she would have a drink with him at the Castle Rock Bar, but she refused, stating she had to go home. Appellant asked if he could follow along and she agreed. At her house, the victim proceeded to go in without waiting for the appellant, but he followed and entered behind her. After an interlude in which appellant and the victim left the house to take her children to the baby-sitter's, they returned. The pair seated themselves on a small sofa. Appellant asked for a cigarette and, following some discussion, gave the victim a kiss. Soon afterward, the appellant overpowered the victim and committed the acts for which he was prosecuted.

The first issue is a descendant of the decision in *State ex rel. Pope v. Superior Court,* 113 Ariz. 22, 545 P.2d 946 (1976). In that case, our Supreme Court overruled earlier cases and held that character evidence concerning unchastity is inadmissible to impeach the credibility of the victim in a rape prosecution. The court also held such evidence inadmissible for substantive purposes on the issue of consent, subject to certain exceptions.

The Supreme Court set forth the procedure to be followed in determining the admissibility of such evidence under the exceptions:

> In these and other instances in which the evidence concerning unchastity is alleged to be sufficiently probative to compel its admission despite its inflammatory effect, a hearing should be held by the court outside the presence of the jury *prior to the presentation of the evidence.* This hearing should be preceded by a written motion or offer of proof on the record, made without the jury's knowledge, which should include the matters sought to be proved by either cross-examination of the complaining witness or by other witnesses. Either of these should make reference to specific records or documents which may be relied upon. If the defendant alleges that proffered evidence falls into one of the above exceptions, the trial court should allow its admission if it is not too remote and appears credible. *Id.* at 29, 545 P.2d at 953.

In the present case, after the victim testified on direct examination, appellant sought to cross-examine her by reference to alleged prior sexual acts with other males under circumstances where remuneration for sex might have been involved. With the court reporter as the only other person present, the trial judge conducted an interview of the victim in his chambers. A sealed transcript of this interview is a part of the present record. The interview centered mainly on the victim's past relationships with certain men whose names had been furnished by appellant. The trial judge stated the result of the interview as follows:

> The Court has had an in camera inspection with the victim and I have questioned her rather specifically on any prior sexual acts from the date of her separation of March 1974 to the present.

> Based upon my inquiry with her, I am persuaded that there are no acts of prostitution on her part which would justify the defense cross-examining her on any prior acts of unchastity.

> It is, therefore, ordered that the State's motion in limine to prohibit any cross-examination of the prosecutrix into any other acts or prior acts of unchastity which either preceded or followed the date of this incident, June 15, is granted.

> I did specifically question her on each of the names that you provided me, and based upon my interview with her, I am persuaded that it would be improper for you to be able to cross-examine her and questions [*sic*] these different individuals that you have listed on the list.

Appellant contends that the interview violated his sixth amendment right to confront witnesses against him. He argues that the essence of the right is the ability to cross-examine, as is pointed out in *Douglas v. Alabama,* 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965).

There are, however, limitations on the right of confrontation. The right to confront witnesses is not absolute and may, in appropriate cases, give way to other legitimate interests in the criminal process. *Mancusi v. Stubbs,* 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972); *State v. Jones,* 110 Ariz. 546, 521 P.2d 978 (1974), *cert. denied,* 419 U.S. 1004, 95 S.Ct. 324, 42 L.Ed.2d 280 (1974).

Evidence of a rape victim's past sexual conduct is irrelevant and inadmissible on the issue of the victim's credibility. Absent special circumstances, it is also irrelevant on the issue of consent. *State ex rel. Pope v. Superior Court.* Evidence of a victim's prior acts of prostitution may be admissible where (1) the defendant alleges the victim actually consented to an act of prostitution, and (2) it is determined outside the presence of the jury that the evidence of prior acts of prostitution is "sufficiently probative to compel its admission despite its inflammatory effect . . . ." *Id.* 113 Ariz. at 29, 545 P.2d at 953. Where the trial court determines either that the defendant does not claim the defense of consent to an act of prostitution,[1] or that the probative value of the evidence sought to be admitted is outweighed by its prejudicial effect, then a ruling by the court barring cross-examination of the victim as to prior sexual conduct is not a denial of the right of confrontation. *State ex rel. Pope v. Superior Court.*

Defendant's right to confront and question the victim concerning prior sexual conduct first arises in the hearing held outside the presence of the jury, but only after the required preliminary showing is made. The defendant has the burden of discovering the evidence. Once it is discovered the defendant must make it known to the court by means of an offer of proof. Where, as here, there is no offer of proof, cross-examination on the issue is properly denied.

The fact that the trial court conducted an interview of the victim should not cloud what is otherwise the defendant's burden. Under the decision in *Pope,* the trial court was under no obligation to hold a hearing of any kind on the question until it is presented with " . . . a written motion or offer of proof on the record, made without the jury's knowledge, which should include the matters sought to be proved by either cross-examination of the complaining witness or by other witnesses." *Id.* at 29, 545 P.2d at 953. This was not done in this case.[2] Thus the interview of the victim by the trial judge, however similar its purpose might have been, was not the hearing required by *Pope.* The fact that the trial judge conducted the interview did not elevate it to a *Pope* hearing. Appellant had ample opportunity prior to the trial to obtain pretrial discovery under the provisions of R.Crim.Proc., Rule 15.3, and to accomplish what he now claims he was denied when the trial judge conducted the interview during the trial. The failure of the court to permit appellant to be present at the interview may have barred appellant from eleventh-hour discovery, but it did not deny him the right to confront the victim as a witness. If discovery is what appellant then desired, the court could well have denied it as untimely in accordance with R.Crim.Proc., Rule 16.1(b). The appellant did not suddenly gain the right to discovery proceedings because the trial court chose to interview the victim. If anything, the interview at that point could only have aided rather than curtailed appellant's case.

We hold, therefore, that the necessary predicate to allowing cross-examination of the victim was not made and the court correctly denied the appellant the right to inquire into the subject of prior acts of

1. There is considerable doubt whether appellant even alleged that the victim consented to an act of prostitution. Appellant's testimony was very uncertain on this point. Moreover, the evidence of force and of the resulting physical violence obviously discredits the defense of consent. In any event, the defense of consent is applicable to the rape charge only, since consent is not a defense to either sodomy or

lewd and lascivious conduct. *See State v. Bateman,* 113 Ariz. 107, 547 P.2d 6 (1976).

2. The submission of the list of names by the appellant to the trial judge did not constitute an offer of proof as contemplated by *State ex rel. Pope v. Superior Court,* 113 Ariz. 22, 545 P.2d 946 (1976).

prostitution in the presence of the jury. The fact that appellant was not present during the interview did not thereby result in the denial of the right of confrontation.

█ Appellant raises another issue with reference to the interview of the victim. After the interview was held, the case was concluded and was submitted to the jury. The rape charge, however, was withdrawn from the jury at the request of the appellant and submitted to the trial court for determination of guilt or innocence. Appellant argues that the interview procedure prejudiced him because, in his absence, the judge had heard the victim's statements and could have been influenced by them. We find no merit to this contention on the ground that the circumstances were of the appellant's own making. He was fully aware of the interview when he made his decision to waive jury determination of the rape charge and he cannot now be heard to complain that he was prejudiced by his waiver of the jury. Moreover, we find nothing in the transcript of the interview which would have been detrimental to appellant.

The next issue concerns the opening and reading of the jury verdict. The jury began its deliberation at 3:35 P.M., October 20, 1976. At 10:40 that night, in the presence of appellant and counsel for both sides, the jury returned two verdicts which were then sealed. The trial judge took a general poll of the jury on whether the verdicts were their true verdicts and they responded affirmatively. The jury was then excused. Later, at 11:55 P.M., with counsel and the appellant present in chambers, the trial judge, with the consent of all parties, opened the verdicts and read them aloud. The judge then announced that appellant had the right to have each juror polled on the verdicts. Nevertheless, both the appellant and the prosecutor waived further polling of the jury.

Although appellant now claims that he was deprived of his right to poll the jury, the record clearly shows his waiver of the procedure and we find no error.

█ In the third issue raised, appellant contends he was denied the right to cross-examine the victim on prior inconsistent statements. The line of testimony had to do with a conversation between appellant and the victim before they went into her house. Upon reading the testimony, we must reject appellant's contention as without any basis. Counsel for appellant was allowed to cross-examine the victim on her in-court statement and to question her concerning the same statement which she made to the grand jury earlier. In our opinion, there is no inconsistency between them, but, if there is, appellant brought it to the attention of the jury. The court sustained an objection after counsel for appellant had twice asked the victim if she was under oath when she testified before the grand jury. We find no failure to allow the presentation of the purportedly inconsistent prior statement. The question relating to the oath was not an impeaching question. We find no reversible error in sustaining the objection, particularly where its purpose appears to have been to badger the witness.

For the reasons stated, the judgments and sentences are affirmed.

HAIRE, P. J., and NELSON, J., concur.