STATE OF HAWAII, Plaintiff-Appellee, *v.* ROBERT B. IAUKEA, Defendant-Appellant

NO. 6440

AUGUST 29, 1980

RICHARDSON, C.J., OGATA, MENOR, JJ. AND
RETIRED JUSTICE MARUMOTO IN PLACE OF
KOBAYASHI, J., EXCUSED*

*Per Curiam.* This is an appeal by the defendant who was convicted of rape in the first degree.[1]

---

\* Justice Kidwell, who heard oral argument in this case, retired from the court on February 28, 1979. HRS § 602-10 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

[1] HRS § 707-730 (1976) (amended 1979) under which the defendant was charged, provides:

(1) A male commits the offense of rape in the first degree if: (a) He intentionally engages in sexual intercourse, by forcible compulsion, with a female and: (i) The female is not, upon the occasion, his voluntary social companion who had within the previous twelve months permitted him sexual intercourse.

The only issue which merits this court's consideration is whether the trial court erred in denying the defendant's motion to adduce evidence of the rape victim's sexual conduct with men other than the accused and of her reputation for unchaste conduct.

The defendant filed his motion under then HRS § 707-742(a) which required in pertinent part:[2]

(1) A written motion shall be made by the defendant to the court and prosecutor stating that the defense has an offer of proof of the *relevancy* of evidence of sexual conduct of the complaining witness proposed to be presented and its *relevancy* in attacking the credibility of the complaining witness.

(2) The written motion shall be accompanied by an affidavit in which the offer of proof shall be stated. (Emphasis added.)

Hearing on the motion, at which the defendant did not testify, was held outside of the presence of the jury, and at its conclusion the trial court held:

THE COURT: Very well. The court will rule as follows: If the defendant by affidavit states that he did not do this by forcible compulsion, but in fact the defendant, the complaining witness had consented and described the consent, then the court would rule otherwise. Also if the defendant claims that he has had sexual intercourse with this complaining witness prior to April 30, 1976, then he should so state in the affidavit. Having failed to state these things, the court at this time finds that there is not a sufficient offer of proof made and therefore the court will deny the motion. The court will stand at recess.

The only justification given in the defense affidavit was that "the complaining witness' prior acts of consensual intercourse and reputation for sexual promiscuity must in fairness be disclosed to the jury so that they might evaluate the alleged

---

[2] We note in passing that the admissibility of a rape victim's past sexual behavior is now governed by Rule 412 of the Hawaii Rules of Evidence, as promulgated by Act 164, S.L.H. 1980.

act of sexual intercourse on trial which is claimed to have been committed by forcible compulsion.''

Given the sexual history of the complainant in this case, which indicated some promiscuity on her part, her prior sexual conduct might well have been admissible, in the discretion of the trial court, on the specific issue of consent. It has been held that where the critical issue is consent and the circumstances are such that it reasonably appears that evidence concerning the complainant's moral character has sufficient probative value to outweigh any detrimental aspects of admitting such testimony, such evidence should be admitted. *State v. Howard*, 544 P.2d 466 (Utah 1975). Where consent is not asserted as a bar to the prosecution, however, evidence of such conduct has been disallowed. *State v. Settle*, 111 Ariz. 394, 531 P.2d 151 (1975); *State v. Cunningham*, 97 Idaho 650, 551 P.2d 605 (1976); *People v. Conyers*, 86 Misc.2d 754, 382 N.Y.S.2d 437 (1976).

While we think that the trial court's reading of the defendant's affidavit was unduly restrictive, it was perfectly proper for it to require the filing of a supplemental affidavit which would have more definitively and more explicitly indicated to the court whether the defendant was denying any intercourse with the complainant or whether he was relying on consent as a bar to his conviction. Defense counsel was given until the following morning to file the supplemental affidavit. We do not find this requirement to have been burdensome to the defense. But presumably for tactical reasons, defense counsel deliberately chose not to do so. Under these circumstances we find no reversible error.

Moreover, courts have recognized that even where evidence of past sexual behavior might be otherwise probative of consent, strong evidence of force destroys the issue of consent sufficiently to render evidence of the complaining witness' sexual behavior irrelevant. *McClean v. United States*, 377 A.2d 74 (D.C. App. 1977); *State v. Zaccardi*, 280 Minn. 291, 159 N.W.2d 108 (1968); *State v. Geer*, 13 Wash. App. 71, 533 P.2d 389 (1975). In the present case, the complainant testified that she was violently struck by the defendant when she resisted his unwanted sexual advances. She also told the

court and the jury that when she refused to remove her clothing, the defendant picked up a pair of scissors, placed the instrument's pointed ends against her throat, and threatened to use it if she persisted in her refusal. The dental surgeon who subsequently attended her testified that his examination of the complainant revealed that she had been badly beaten, that her jaw had been broken in two places, and that surgery was definitely indicated. Under these facts, consent was clearly not an issue. Consequently, no substantive basis existed for inquiry into the complainant's past sexual conduct, even if the defense of consent had been raised. Thus, even if the trial court had been inclined to accept the original affidavit in its present form, it could still have disallowed the proferred evidence of the complainant's prior sexual conduct in the exercise of its discretion.

Affirmed.[3]

*Chester M. Kanai*, Deputy Public Defender for defendant-appellant.

*Arthur Ross*, Deputy Prosecuting Attorney for plaintiff-appellee.

---

[3] We find the defendant's other specification of error to be without merit.