**Dale Louis HOLLOWAY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–84–056–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 8, 1985.

**114**

Louis Sturns, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and Mary Thornton Taylor, Asst. Dist. Atty., Fort Worth, for the State.

Before JORDAN and JOE SPURLOCK, II, JJ.

## OPINION

JORDAN, Justice.

Appellant was convicted of aggravated sexual abuse. *See* Act of May 25, 1981, ch. 202, sec. 2, 1981 Tex.Gen.Laws 471, 471–72 (TEX.PENAL CODE ANN. sec. 21.05 (Vernon 1974)), *repealed by* Act of June 19, 1983, ch. 977, sec. 12, 1983 Tex.Gen.Laws 5311, 5321 (presently contained in TEX.PENAL CODE ANN. sec. 22.021 (Vernon Supp.1985)). He pled "true" to an enhancement paragraph and was sentenced to life imprisonment. He has appealed on six grounds of error.

We affirm.

Just past midnight, on August 21, 1983, patrol officer C.L. Morgan heard over the radio that a rape was in progress. He responded to the call since he was in the vicinity. After he arrived at the scene, he went underneath a bridge, where with the aid of a flashlight, he discovered appellant and the prosecutrix in a sewer pipe. Morgan testified the appellant was lying on his back with his pants pulled down to his ankles. The prosecutrix was lying perpendicular to appellant. They were both muddy. She was not dressed. Morgan observed that appellant had his hands on the prosecutrix's head. The officer explained appellant was grabbing the prosecutrix's hair and forcing her open mouth up and down on appellant's penis. Morgan noted that the prosecutrix was crying.

Morgan further testified that he then drew his service revolver and ordered appellant to "freeze". At that point the prosecutrix raised her head and came out past Officer Morgan. Officer Morgan then testified that he and Officer John L. McGee pulled appellant out of the sewer pipe, read him his rights and advised appellant he was under arrest.

The prosecutrix testified that appellant accosted her with a knife on the street and ordered her to give him her purse. After giving him her purse she claimed she screamed and tried to run away. The next thing the prosecutrix stated she remembered was waking up underneath the bridge with appellant on top of her, his penis in her vagina. The prosecutrix claimed appellant held the knife to her throat and told her he would kill her if she made any noise.

Later on, after hearing noises, appellant forced the prosecutrix to accompany him into a drainage ditch. At this point the prosecutrix testified they were joined by three other black men. She stated she was forced to perform oral sex on appellant while one of the other men raped her anally. After this another of the men urinated in her face. The prosecutrix testified she again passed out.

She then remembered having her face repeatedly pushed into the mud. She claimed appellant again threatened to kill her but one of the other men stopped him.

After that the three men left and appellant once more forced the prosecutrix to perform oral sex on him. It was at this point that the prosecutrix stated police discovered them in the sewer pipe.

The prosecutrix also testified she sustained various injuries including one cut on her head which required stitches. Further evidence showed her blouse was torn and her pants were ripped open.

The defendant testified he was walking near the Clinton Street Bridge on the night of the alleged offense. He claimed the prosecutrix approached him and agreed to perform oral sex on him for money.

In his first ground of error appellant claims the evidence was insufficient to support the aggravation element. Specifically, he argues that the State did not meet its burden of proof, as the only evidence that appellant used and exhibited a knife came from the prosecutrix. We find such evidence sufficient.

In reviewing the sufficiency of the evidence to support a conviction based upon direct evidence, the evidence is viewed in the light most favorable to the verdict. *See Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on reh'g).

■■■ The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense's evidence "outweighs" the State's evidence. If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* — U.S. —, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984).

In the present case, appellant testified at the guilt/innocence stage of the trial and admitted he had a knife with him on the date in question. He, however, claimed the knife remained in his pocket and he never exhibited it to the prosecutrix. The prosecutrix, on the other hand, testified that appellant had a knife when he accosted her on the street. In addition, she stated appellant later threatened to kill her with the knife.

■■■ In addressing appellant's first ground of error we initially note that a conviction under chapter 21 of the Penal Code is supportable on the uncorroborated testimony of the victim upon timely outcry. *See Calais v. State,* 624 S.W.2d 811, 813 (Tex.App.—Houston [14th Dist.] 1981, no pet); Act of May 15, 1975, ch. 203, sec. 6, 1975 Tex.Gen.Laws 476, 479, *amended by* Act of June 19, 1983, ch. 977, sec. 7, 1983 Tex.Gen.Laws 5311, 5319 (presently contained in TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon Supp.1985)). In the present case, the prosecutrix's outcry was timely as it coincided with the police officer's discovery of her and the appellant in the sewer pipe. *See id.* Thus, the prosecutrix's testimony concerning appellant's use and exhibition of the knife was sufficient to support the conviction. *See id.*

Case law also supports such a conclusion. In *Twomey v. State,* 520 S.W.2d 784 (Tex. Crim.App.1975), the prosecutrix's testimony that the defendant choked her and then threatened her with a knife was found sufficient to support the defendant's conviction for aggravated rape. *Id.* at 785–86. Similarly, in *King v. State,* 649 S.W.2d 42 (Tex.Crim.App.1983), and *Jackson v. State,* 591 S.W.2d 820 (Tex.Crim.App.1979), the complainant's testimony that the defendant threatened her with a knife was found sufficient to prove the aggravation element of rape. *See King,* 649 S.W.2d at 44; *Jackson,* 591 S.W.2d at 821–22. Appellant's first ground of error is overruled.

■■■ In his second and third grounds of error appellant complains that the trial court erred in excluding the testimony from two witnesses regarding the prosecutrix's reputation for being a common prostitute. During an in camera hearing pursuant to Act of May 15, 1975, ch. 203, sec. 3, 1975 Tex.Gen.Laws 476, 477–78 (hereinafter referred to as TEX.PENAL CODE

ANN. sec. 21.13), *amended by* Act of June 19, 1983, ch. 977, sec. 4, 1983 Tex.Gen.Laws 5311, 5315 (presently contained in TEX.PENAL CODE ANN. sec. 22.065 (Vernon Supp.1985)), appellant's sister, Rita Walker, testified the prosecutrix "stayed over" at her house and they both engaged in sexual intercourse for money with some men Rita knew. She further testified they discussed fee arrangements before retiring and she got $50.00 while the prosecutrix just got $20.00. She, however, stated she was not present when the prosecutrix actually engaged in intercourse as the prosecutrix was in the front room while she always used a back room.

Adelia Denkins, Rita's friend, also testified in camera. She claimed she had heard a couple of men, who she knew only by their nicknames, talk about how the prosecutrix "did this and how she [the prosecutrix] did that, and how they paid and stuff like that."

After hearing this testimony, the trial court acting under the authority of sec. 21.13 refused to allow appellant to question Rita Walker and Adelia Denkins about the prosecutrix's reputation as a prostitute.

Appellant contends the trial judge erred in excluding this testimony as it was relevant to his defense that the prosecutrix had consented to have sex for money. Appellant maintains the excluded testimony was material to prove that the prosecutrix's outcry was prompted by police discovery not by aggravated sexual abuse. While we agree that testimony concerning a prosecutrix's reputation for being a prostitute may be material to a defense of consent, we find the trial judge did not abuse his discretion in excluding the proffered testimony.

The focus in cases decided prior to the enactment of sec. 21.13 was on whether the issue of consent had been raised. *See Burton v. State,* 471 S.W.2d 817, 821 (Tex. Crim.App.1971); *Fite v. State,* 139 Tex. Crim. 392, 140 S.W.2d 848, 850 (1940). In deciding whether the issue of consent had been raised the courts looked to the surrounding circumstances. *See Jackson v. State,* 470 S.W.2d 201, 205 (Tex.Crim.App.

1971) (issue of consent not raised where evidence showed rape accomplished at point of shotgun after severe beating), *cert. denied,* 405 U.S. 1067, 92 S.Ct. 1511, 31 L.Ed.2d 798 (1972).

Under the new guidelines, the focus has expanded beyond a determination of whether the issue of consent has been raised. *Compare Young v. State,* 547 S.W.2d 23, 25 (Tex.Crim.App.1977) *with Burton,* 471 S.W.2d at 821. Now, in addition to determining whether consent is at issue, the trial court must also decide whether the proffered evidence of the prosecutrix's sexual history is material to the issue of consent. *See Wilson v. State,* 548 S.W.2d 51, 52 (Tex.Crim.App.1977). If the evidence is material the court must then go on and decide whether its probative value is outweighed by its prejudicial nature. *See* TEX.PENAL CODE ANN. sec. 21.13.

Appellant relies on *Burton* and *Campbell v. State,* 147 Tex.Crim. 192, 179 S.W.2d 547 (Tex.Crim.App.1944), for the proposition that the prosecutrix's prior sexual history is admissible if consent is an issue in the case. *See Burton,* 471 S.W.2d at 821; *Campbell,* 179 S.W.2d at 550. Both of these cases are distinguishable from our case as they were decided before the enactment of sec. 21.13 with its more stringent requirements. *Mitchell v. State,* 544 S.W.2d 927 (Tex.Crim.App.1977), not cited by either party, is similarly distinguishable as it is unclear whether sec. 21.13 was in effect at the time the defendant in *Mitchell* was tried.

In *Mitchell,* an aggravated rape case, the issue of consent, as in our case, was raised by the defendant's testimony. *See id.* at 927. The defendant in *Mitchell* testified that the prosecutrix was a prostitute whose outcry was prompted by a desire for money. *Id.* The Court of Criminal Appeals held that it was error for the trial court to exclude testimony that the prosecutrix had a reputation of being a prostitute as such evidence was central to defendant's defense. *Id.* at 929.

In determining whether *Mitchell* was decided under sec. 21.13, we first note that in the subsequent cases of *Wilson* and *Young*, the Court of Criminal Appeals discussed the fact these defendants were tried after the effective date of sec. 21.13. *See Wilson*, 548 S.W.2d at 51 n. 1; *Young*, 547 S.W.2d at 25. We must therefore assume the Court would have addressed the applicability of sec. 21.13 in *Mitchell* if it had been in effect.

The fact that the State did not object to the admissibility of the evidence, just the method of its admission lends further support to our theory that the defendant in *Mitchell* was tried before sec. 21.13 took effect. *See Mitchell*, 544 S.W.2d at 928. As previously stated, the case law prior to the enactment of sec. 21.13 shows such evidence to be admissible if the issue of consent has been raised. *See Haynes v. State*, 498 S.W.2d 950, 952 (Tex.Crim.App. 1973). Since the defendant in *Mitchell* had raised the issue of consent by his own testimony, it would have been futile under the old guidelines to argue that evidence of the prosecutrix's past sexual history was not admissible. Accordingly, as there is no evidence the Court of Criminal Appeals considered sec. 21.13 in deciding *Mitchell*, we do not find it controlling.

The State has cited us to several cases decided under sec. 21.13; however, they deal with the materiality portion of that section which we do not find controlling. *See Wilson*, 548 S.W.2d at 52 (evidence that victim had had an abortion and was being treated for venereal disease not germane to issue of consent); *Young*, 547 S.W.2d at 25 (evidence that prosecutrix had engaged in intercourse the night before the offense and had previously had an abortion not material to issue of victim's acquiescence). In terms of materiality, case law has apparently distinguished between promiscuity and prostitution in those cases where consent is at issue. *See Allen v. State*, 666 S.W.2d 245, 247 (Tex.App.—Dallas 1984, pet. granted); *see also Tyler v. State*, 145 Tex.Crim. 315, 167 S.W.2d 755, 756 (1943).

■ Such a distinction is logical as evidence that the prosecutrix is a prostitute is more apt to be material to the issue of consent than evidence of other sexual activity. Therefore, in line with this reasoning we can say that the proffered testimony concerning a recent act(s) of prostitution had some bearing on the question of consent thus satisfying the materiality element of sec. 21.13.

Our analysis under sec. 21.13 does not stop here, however, as we must also determine whether the probative value of the proffered testimony outweighs the inflammatory and extremely prejudicial nature of alleging that the victim of a rape is a prostitute. Counsel has cited us to no cases and our research has found none dealing with this part of sec. 21.13.

■ In conducting our analysis, we must remember that in an in camera hearing such as that authorized by sec. 21.13, the trial judge is the sole judge of the credibility of the witnesses and as such he may accept or reject any part or all of the testimony given. *See Bellah v. State*, 653 S.W.2d 795, 796 (Tex.Crim.App.1983). With this in mind, we cannot say that the evidence offered was sufficiently probative of the consent issue as to outweigh its highly inflammatory and prejudicial nature. *See Haynes*, 498 S.W.2d at 952 (court found consent not raised but went on to state "[e]ven if it had been shown that prosecutrix was a prostitute, this would not have proved consent, or made her any the less the subject of rape by force").

■ We also note that the State had presented its case prior to the in camera hearings; therefore, the trial judge had the opportunity to evaluate the proffered testimony in light of all the evidence presented up to that point. Inasmuch as the wording of sec. 21.13 gives the trial judge a great deal of latitude in determining whether evidence of a prosecutrix's prior sexual history is admissible, we cannot say that the trial judge abused his discretion in excluding such testimony under the violent facts of this case. *See* sec. 21.13(a) (evidence of

prosecutrix's sexual history *may be admitted* if trial judge determines evidence is material and its probative value outweighs its prejudicial nature); *cf. State v. Quinn*, 121 Ariz. 582, 592 P.2d 778, 781 n. 1 (Ariz. Ct.App.1978) (court stated evidence of force and of resulting physical violence can discredit defense of consent); *State v. Iaukea*, 62 Hawaii 420, 616 P.2d 219, 221 (Hawaii 1980) (court noted strong evidence of force destroys issue of consent); *State v. Geer*, 13 Wash.App. 71, 533 P.2d 389, 391–92 (1975) (in this case the court found evidence of victim's past sexual conduct was not relevant even though defendant raised the issue of consent where the evidence showed defendant physically forced himself upon the victim after breaking into her home late in the evening, brandishing a hunting knife. The court concluded that "[u]nder such circumstances it can hardly be said that her ultimate submission was consensual."). Finding no abuse of discretion, we overrule appellant's second and third grounds of error.

In his fourth ground of error appellant complains that the trial court erred in not allowing Rita Walker to testify before the jury as to the prosecutrix having lived in the neighborhood before the alleged offense. He contends such evidence should have been admitted for the purpose of impeaching the prosecutrix's credibility. After an in camera hearing, the trial court ruled the evidence inadmissible and we agree.

 A witness may not be impeached on immaterial and collateral matters. *Shipman v. State*, 604 S.W.2d 182, 183 (Tex.Crim.App.1980). A collateral question is one which seeks only to test a witness's general credibility, or relates to facts irrelevant to issues at trial. *Keller v. State*, 662 S.W.2d 362, 365 (Tex.Crim.App. 1984). A question which tests the truthfulness of a witness's direct testimony by inquiring into the facts and circumstances surrounding a transaction forming the basis of the offense is not collateral. *Id.*

In *Keller* the defendant had been convicted for the unauthorized use of an automobile. *Id.* at 363. He claimed he had purchased the car from a friend. *Id.* at 364. The friend was called as a defense witness. *Id.* The witness was admonished as to his Fifth Amendment rights. *Id.* After stating that he understood his rights and wanted to testify, the witness testified out of the presence of the jury that he sold defendant the car and gave him title to it. *Id.* On cross-examination the witness testified he presently lived at "T.D.C." and he was there for auto theft. *Id.* When the witness was asked where he got the car he allegedly sold to the defendant he invoked the Fifth Amendment. *Id.*

After the witness had invoked the privilege, the defendant asked to be allowed to tender the witness's testimony into evidence. *Id.* The trial court disallowed defendant's motion and refused to permit defendant to introduce any part of the witness's testimony before the jury. *Id.* The Court of Appeals reversed, finding the question to which the witness asserted his Fifth Amendment privilege to be collateral to the witness's direct testimony. *Id.* The Court of Criminal Appeals disagreed. *Id.* at 365. As the Court went on to explain, the question "where did you get the car?" was germane to the witness's direct testimony. *Id.* The Court found the question relevant because it tested the truthfulness of the witness's statements on direct examination concerning his alleged sale of the car to defendant. *Id.* As the Court pointed out, the witness's answer might have shown the witness lacked either title or possession to the car or it might have shown defendant had notice the car was stolen. *Id.* The witness's answer in *Keller* was thus relevant to issues presented (i.e. whether defendant intentionally or knowingly operated a car without the owner's effective consent). *See* TEX.PENAL CODE ANN. sec. 31.07 (Vernon 1974).

 By contrast, the evidence appellant sought to introduce bears no relationship to any contested issue. Appellant's sole defense was that the prosecutrix consented. Whether or not the prosecutrix had spent one night or many in the neighborhood

where the alleged offense occurred has no bearing on appellant's defensive theory of consent. It was a very minor part of the prosecutrix's testimony and impeachment on a collateral matter is not permitted. *See Shipman,* 604 S.W.2d at 183; *see also Dukes v. State,* 161 Tex.Crim. 423, 277 S.W.2d 710, 711 (1955).

In conclusion we note that Appellant has cited *Montemayer v. State,* 543 S.W.2d 93 (Tex.Crim.App.1976) in support of his position. *See id.* at 94. However, *Montemayer* has been overruled by *Bates v. State,* 587 S.W.2d 121, 143 (Tex.Crim.App.1979) (opinion on appellant's motion for reh'g). We overrule appellant's fourth ground of error.

■ By his fifth ground of error, appellant asserts that the State, in bad faith, interrogated Rita Walker, appellant's sister, in violation of the court's ruling in the in camera hearing. During the in camera hearing, Walker testified that she and the prosecutrix had gone "bar hopping" together. Walker then defined "bar hopping" as prostituting. The court ruled that the testimony about the *prosecutrix's* "bar hopping" or prostitution was not admissible. The court did not rule that the testimony about *Walker's* "bar hopping" was inadmissible. The State was therefore not in violation of the court's ruling when it sought to impeach Walker about her own "bar hopping." Ground of error five is overruled.

■ In his sixth ground of error appellant argues he was forced to forfeit his Fifth Amendment right not to testify. *See* U.S. CONST. amend. V; *see also* TEX. CONST. art. I, sec. 10. He contends trial court rulings precluding Rita Walker and Adelia Denkins from testifying about the prosecutrix's reputation for being a common prostitute prevented him from adequately defending the charges against him without testifying himself. This contention is also without merit.

Neither Walker nor Denkins testified that the prosecutrix consented to sex with appellant. Thus appellant had a choice.

He could either take the stand and raise the consent issue in front of the jury, or he could abandon his defense and exercise his Fifth Amendment right not to testify. Ground of error six is overruled.

By his supplemental ground of error appellant maintains the trial court erred in failing to grant appellant's motion for a mistrial after the State repeatedly referred to appellant's prior felony conviction during the voir dire of the jury. Appellant urges the State's remarks were inherently prejudicial and inflammatory in that they created the impression appellant already had a criminal conviction.

Specifically, appellant complains of the following statements by the prosecutor upon voir dire:

[State:]

At the punishment stage of the trial, part two of the trial, you are allowed to hear additional evidence in any criminal case. In any criminal case at the punishment stage of the trial, evidence such as the reputation of a Defendant and any prior criminal record of any Defendant, becomes admissible, and the Legislature, just as it sets out a range of punishment for aggravated rape and aggravated sexual abuse, sets out a range of punishment in any criminal case for a person who has before been convicted—

[objection overruled]

[State:]

In any criminal case, the law states that if a person has once before been convicted of a felony offense—once before been finally convicted of a felony offense, upon the conviction for a first degree felony, the range of punishment is increased to from 15 years to 99 years, or life.

Does everybody understand the difference? The range of punishment in any aggravated rape or aggravated sexual abuse case is from five to 99 years or life, and in addition a fine up to $10,000 may be assessed. The range of punishment for a first degree felony, when a person has once before been convicted of

a felony is from 15 years to 99 years, or life.

So, you see, the minimum is increased. Does everyone agree with our law that increases the punishment for a person who has once before been convicted of a felony offense? ...

Can you consider the full range of punishment for a person who has once before been convicted of—

[objection sustained]

We first note this ground of error was not raised in appellant's original brief but is raised for the first time in his supplemental brief. Grounds of error raised by a defendant in a supplemental brief which were not raised in the original brief are not properly presented for appellate review. *Coleman v. State,* 632 S.W.2d 616, 619 (Tex.Crim.App.1982). However, in the interest of justice we will review this ground of error.

In reviewing this ground of error, we observe that appellant never requested an instruction to disregard. We conclude such an instruction would have cured any error. *See Washington v. State,* 484 S.W.2d 721,

723 (Tex.Crim.App.1972), *cert. denied,* 411 U.S. 921, 93 S.Ct. 1555, 36 L.Ed.2d 314 (1973); *Hunter v. State,* 468 S.W.2d 96, 101 (Tex.Crim.App.1971).

Moreover, even if appellant had preserved his error the complained of voir dire of the jury was not error. *See Frausto v. State,* 642 S.W.2d 506, 509 (Tex.Crim.App.1982); *Myers v. State,* 527 S.W.2d 307, 309 (Tex.Crim.App.1975). The State is entitled to voir dire the jury on enhancement paragraphs as long as it does not inform prospective jurors of a defendant's prior conviction(s). *Frausto,* 642 S.W.2d at 509; *Myers,* 527 S.W.2d at 309; *Felton v. State,* 659 S.W.2d 482, 483–84 (Tex.App.—Dallas 1983, pet. ref'd). Appellant's supplemental ground of error is overruled.

We affirm.