TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00618-CR







Mark Allen Ross, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 94-072-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of aggravated robbery and assessed punishment,
enhanced by two previous felony convictions, at imprisonment for thirty-two years. See Tex.
Penal Code Ann. § 29.03 (West 1994).

 Appellant's court-appointed attorney filed a brief in which he concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553
(Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to
appellant, and appellant was advised of his right to examine the appellate record and to file a pro
se brief.

 Appellant filed a pro se brief raising eighteen points of error, one of which
challenges the legal sufficiency of the evidence. The complaining witness identified appellant at
trial as the person who robbed him at gunpoint. Appellant argues that the complainant's
identification testimony was not credible and urges that the State's evidence does not exclude all
reasonable hypotheses other than guilt. The alternative hypothesis construct is no longer
employed in Texas. Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). Viewing all the
evidence in the light most favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307
(1979). Point of error eighteen is overruled.

 Appellant complains that certain items were omitted from the appellate record:
witness statements, his motion in limine and the court's order thereon, and the court's docket
sheet. The latter two items are in the transcript. The witness statements were not introduced in
evidence. Point of error one is overruled.

 Appellant contends that neither the jury panel nor the jury selected to hear this
cause were sworn. Tex. Code Crim. Proc. Ann. art. 35.02, .22 (West 1989). While the record
does not affirmatively reflect that the panel was sworn, there is nothing to indicate that it was not. 
Tex. R. App. P. 80(d). The record does reflect that the trial jury was sworn. Points of error
seven and twelve are overruled.

 Appellant argues that the prosecutor improperly referred to his criminal record
during voir dire. The indictment alleged two previous felony convictions for enhancement. The
State was entitled to qualify the jury regarding the enhanced punishment range. Holloway v.
State, 695 S.W.2d 112, 120 (Tex. App.--Fort Worth 1985), aff'd, 751 S.W.2d 866 (Tex. Crim.
App. 1988). Point of error thirteen is overruled. Appellant also urges that the court erred by
failing to exclude two jurors for cause. The record reflects, however, that these jurors were not
challenged. Point of error two is overruled.

 The complainant initially identified appellant in a photo spread. A hearing to
determine whether this identification procedure was impermissibly suggestive was held outside
the jury's presence. At appellant's request, he was not present when the complainant was
questioned about the photo spread. Appellant was returned to the courtroom when the time came
to determine whether the complainant could identify appellant in court. Appellant calls this an
improper and unduly suggestive one-person showup. We disagree. The in-court identification
procedure was scrupulously fair. Point of error nine is overruled. Appellant further contends that
the photo spread was erroneously excluded from evidence. The record reflects that the exhibit
was offered and admitted for purposes of the appellate record only, and was never offered as
evidence at trial. Point of error ten is overruled.

 One of the investigating officers testified that he met appellant two months before
the charged offense. Appellant argues that this was improper extraneous offense testimony. 
There was no objection to the testimony at trial and, in any case, we find no reference to any
misconduct by appellant. Point of error fourteen is overruled. Appellant also complains of
alleged leading questions and bolstering of witnesses. These complaints were not preserved by
objection. Point of error sixteen is overruled.

 Appellant contends the district court should have instructed the jury on the lesser
offense of theft, on the law regarding the use of dog tracking evidence, on the two-witness rule,
and on the possibility of a less than unanimous verdict. Appellant did not request these
instructions at trial nor did he object to their absence. Points of error three, five, six, and eight
are overruled.

 Appellant points to five instances of alleged improper jury argument. He did not
object to the arguments and thus preserved nothing for review. Cockrell v. State, No. 71,766
(Tex. Crim. App. Sep. 11, 1996). Point of error fifteen is overruled.

 Appellant contends the jury was erroneously allowed to separate without his
consent. We find no evidence of jury separation in the record. Neither do we find any motion
by appellant that the jury not be allowed to separate. Tex. Code Crim. Proc. Ann. art. 35.23
(West Supp. 1996). Point of error four is overruled.

 Appellant urges that he received ineffective assistance of counsel at trial. To
prevail on a claim of ineffective assistance of counsel at the guilt stage, an appellant must show
that counsel made such serious errors that he was not functioning effectively as counsel and that
these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex.
Crim. App. 1986); and see Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985);
O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). In reviewing a claim
of ineffective assistance, we must indulge a strong presumption that counsel's conduct fell within
the wide range of reasonable professional assistance. Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994). 

 Appellant's complaints about counsel center on his failure to preserve the various
alleged errors previously discussed. Appellant does not demonstrate, however, that the objections
or requests he says should have been made had merit. Our review of the record shows that they
did not. Point of error seventeen is overruled.

 The district court's judgment contains an affirmative finding that appellant used a
deadly weapon in the commission of this offense. Appellant argues that this is error, since the
question whether he used a deadly weapon was not submitted to the jury in the form of a special
issue. A special issue was not required, however, because the indictment alleged the use of "a
deadly weapon, namely a firearm." The jury found this allegation to be true when it found
appellant guilty of aggravated robbery "as alleged in the indictment." Polk v. State, 693 S.W.2d
391, 394 (Tex. Crim. App. 1985). Point of error eleven is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: November 6, 1996

Do Not Publish



 suggestive was held outside
the jury's presence. At appellant's request, he was not present when the complainant was
questioned about the photo spread. Appellant was returned to the courtroom when the time came
to determine whether the complainant could identify appellant in court. Appellant calls this an
improper and unduly suggestive one-person showup. We disagree. The in-court identification
procedure was scrupulously fair. Point of error nine is overruled. Appellant further contends that
the photo spread was erroneously excluded from evidence. The record reflects that the exhibit
was offered and admitted for purposes of the appellate record only, and was never offered as
evidence at trial. Point of error ten is overruled.

 One of the investigating officers testified that he met appellant two months before
the charged offense. Appellant argues that this was improper extraneous offense testimony. 
There was no objection to the testimony at trial and, in any case, we find no reference to any
misconduct by appellant. Point of error fourteen is overruled. Appellant also complains of
alleged leading questions and bolstering of witnesses. These complaints were not preserved by
objection. Point of error sixteen is overruled.

 Appellant contends the district court should have instructed the jury on the lesser
offense of theft, on the law regarding the use of dog tracking evidence, on the two-witness rule,
and on the possibility of a less than unanimous verdict. Appellant did not request these
instructions at trial nor did he object to their absence. Points of error three, five, six, and eight
are overruled.

 Appellant points to five instances of alleged improper jury argument. He did not
object to the arguments and thus preserved nothing for review. Cockrell v. State, No. 71,766
(Tex. Crim. App. Sep. 11, 1996). Point of error fifteen is overruled.

 Appellant contends the jury was erroneously allowed to separate without his
consent. We find no evidence of jury separation in the record. Neither do we find any motion
by appellant that the jury not be allowed to separate. Tex. Code Crim. Proc. Ann. art. 35.23
(West Supp. 1996). Point of error four is overruled.

 Appellant urges that he received ineffective assistance of counsel at trial. To
prevail on a claim of ineffective assistance of counsel at the guilt stage, an appellant must show
that counsel made such serious errors that he was not functioning effectively as counsel and that
these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex.
Crim. App. 1986); and see Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985);
O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). In reviewing a claim
of ineffective assistance, we must indulge a strong presumption that counsel's conduct fell within
the wide range of reasonable professional assistance. Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994). 

 Appellant's complaints about counsel center on his failure to preserve the various
alleged errors previously discussed. Appellant does not demonstrate, however, that the objections
or requests he says should have been made had merit. Our review of the record shows that they
did not. Point of error seventeen is overruled.

 The district court's judgment contains an affirmative finding that appellant used a
deadly weapon in the commission of this offense. Appellant argues that this is error, since the
question whether he used a deadly weapon was not submitted to the jury in the form of a special
issue. A special issue was not required, however, because the indictment alleged the use of "a
deadly weapon, namely a firearm." The jury found this allegation to be true when it found
appellant guilty of aggravated robbery "as alleged in the indictment." Polk v. State, 693 S.W.2d
391, 394 (Tex. Crim. App. 1985). Point of error eleven is overruled.

 The judgment of conviction is affirmed.