Dale Louis HOLLOWAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 988–85.

Court of Criminal Appeals of Texas, En Banc.

May 4, 1988.

Glen O. Lewis, Louis E. Sturns, Fort Worth, Court appointed, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, David K. Chapman, Mary Thornton Taylor, Sharen Wilson & Christopher J. Pruitt, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted by a jury of aggravated sexual abuse.[1] Appellant pled true to the enhancement paragraph of his indictment at the trial's punishment phase. The jury assessed his punishment at im-

prisonment for life. The appellant appealed his conviction to the Fort Worth Court of Appeals, which affirmed the judgment. *Holloway v. State*, 695 S.W.2d 112 (Tex. App.—2nd Dist.1985).

We granted the appellant's petition on the following ground for review: "The Second Supreme Judicial Court of Appeals has misconstrued Article 21.13 [2] of the Texas Penal Code to exclude relevant evidence of prosecutrix' reputation for being a common prostitute which evidence adds credence to the defensive theory of consent." Specifically, the Court of Appeals held that, "Inasmuch as the wording of Sec. 21.13 gives the trial judge a great deal of latitude in determining whether evidence of a prosecutrix' prior sexual history is admissible, we cannot say that the trial judge abused his discretion in excluding such testimony under the violent facts of this case," *Holloway, supra* at 117. The appellant asserts this decision is in conflict with the applicable decisions of this Court. Tex.R.App.P. Rule 200(c)(3). We agree that some of the reasoning of the Court of Appeals' decision is in conflict with prior decisions of this Court. However, we will affirm the judgment of conviction of the Court of Appeals.

When the appellant presented his defense of consent, he sought to admit the

1. The appellant was prosecuted under former V.T.C.A., Penal Code Secs. 21.04(a)(1) and 21.05(a)(4), which set out the offense of aggravated sexual abuse. The indictment alleged that appellant, "by threats and force and without the consent of Jean Hattarke, engaged in deviate sexual intercourse by then and there placing his genitals in contact with the mouth of the said Jean Hattarki who was not his spouse, and in the course of said criminal episode the defendant used and exhibited a deadly weapon, ..." Sections 21.04(a)(1) and 21.05(a)(4) have since been repealed, and are now superceded by V.T.C.A., Penal Code Secs. 22.011(a)(1)(C) and 22.021(a)(2).

2. V.T.C.A., Penal Code Sec. 21.13(a) and (b) (repealed) controls the disposition of the instant case.

(a) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct may be admitted under Sections 21.13 through 21.05 of this code (rape, aggravated rape, sexual abuse, and aggravated sexual abuse) only if,

and only to the extent that, the judge finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

(b) If the defendant proposes to ask any question concerning specific instances, opinion evidence, or reputation evidence of the victim's sexual conduct, either by direct examination or cross-examination of any witness, the defendant must inform the court out of the hearing of the jury prior to asking any such question. After this notice, the court shall conduct an in camera hearing, recorded by the court reporter, to determine whether the proposed evidence is admissible under Subsection (a) of this section. The court shall determine what evidence is admissible and shall accordingly limit the questioning. The defendant shall not go outside these limits nor refer to any evidence ruled inadmissible in camera without prior approval of the court without the presence of the jury.

Section 21.13 was amended by V.T.C.A., Penal Code Sec. 22.065. Section 22.065 has been superceded by Rule 412, Tex.R.Crim.Evid.

testimony of Rita Walker and Adelia Denkins regarding acts of prostitution by the complainant. As required by V.T.C.A., Penal Code Sec. 21.13(b), appellant informed the court out of the hearing of the jury of his intention to present the above testimony. The trial court immediately convened an in-camera hearing to determine the admissibility of the testimony of Walker and Denkins. Section 21.13(b), *supra*. The trial court excluded Walker's testimony that the victim had committed an act of prostitution, and Denkins' testimony that the victim had a reputation as a common prostitute. Though appellant discusses only the testimony of Walker in his brief, we will also consider the testimony of Denkins for purposes of this appeal. A review of the facts is necessary.

Walker was appellant's sister and an alleged acquaintance of the victim. At the in-camera hearing Walker stated that sometime before the rape the victim approached her in a park and asked if she could work with Walker on some of her "dates." Walker also explained that the victim "stayed over" at her house, and that they both engaged in sexual intercourse for money with some men known by Walker. According to Walker, she and the victim worked out the financial arrangements so that Walker received $50 from each man, as would the victim. However, the victim would pay Walker $30 for the use of her house. Walker also stated that she did not witness the victim actually engage in intercourse because they were performing in separate rooms. She did not offer testimony that the victim had any business or personal relationship with the appellant prior to the commission of the offense.

At the hearing, Denkins offered testimony about the victim's reputation. She stated, "all the men up in that area was talking about how she did this and how she did that, and how they paid and stuff like that." She did not testify that she had heard about the victim engaging in sex with the appellant prior to the date of the instant offense.

Other testimony of Walker and Denkins was admitted before the jury. Walker was permitted to testify before the jury that on the night of the offense, at the time the victim claimed the appellant confronted her, she saw a white woman with several black men on the bridge. She stated she saw the woman go into the park and under the bridge with the men. She said she walked over to the bridge and heard a woman's voice say she would give them a "blow job", one at a time. She also testified that she and her companion left, but returned to the bridge a short time later. She said she saw the appellant handcuffed on the bridge, and the victim standing nearby with several officers. Denkins testified before the jury as to the same facts except that she did not walk over to the bridge to eavesdrop with Walker.

■ The Court of Appeals decided it was not error to exclude the testimony about the prior act of prostitution and the testimony about the reputation of the victim. The Court of Appeals explained that prior to the enactment of Sec. 21.13, the admissibility of such testimony primarily depended on whether the issue of consent had been raised. But under 21.13 the focus "has expanded beyond a determination of whether the issue of consent has been raised," *Holloway, supra* at 115. First, the trial court must determine whether evidence of a victim's sexual history is material to a fact at issue in the case. Then, the trial court must "go on and decide whether its probative value is outweighed by its prejudicial nature," *Holloway, supra.*

The Court of Appeals correctly concluded that the two part test of Sec. 21.13 controls the determination of the admissibility of Walker's testimony of the victim's previous sexual conduct and Denkins' testimony about reputation. While reviewing the trial court's application of this test, the Court of Appeals decided that evidence showing the victim to be a prostitute "is more apt to be material to the issue of consent than evidence of mere sexual activity." *Holloway, supra.* The Court of Appeals held that the proffered testimony of Walker satisfied the materiality requirement of Sec. 21.13.

■ We disagree with this holding of the Court of Appeals. Prostitution is not inherently more material to the issue of consent than other instances of sexual activity. In *Cravens v. State*, 687 S.W.2d 748 (Tex. Cr.App.1985), this Court reviewed the issue of a witness' past history of prostitution. *Cravens* was not a Sec. 21.13 case, because it dealt with the impeachment of a witness by showing moral turpitude. But the principles discussed in *Cravens* support our conclusion that prior acts of prostitution are not inherently material to the issue of consent.

In *Cravens*, this Court noted that in the past, impeachment of reputation by questions about "common prostitution" received special treatment by the courts. Even though such questions "de facto" revealed "prior acts of misconduct pursuant to V.T. C.A., Penal Code Sec. 43.02, evidence of which is prohibited by Art. 38.29," they were still permitted to be asked of witnesses. This Court observed that "no other occupation which would de facto reveal acts of misconduct, i.e., common loiterer, common burglar, common criminal, etc., has a rule of admissibility" such as the one for "common prostitutes." *Cravens, supra* at 750. The reason for this "special treatment" could be easily traced to Victorian concepts of sex and the role of women in society. See the language used by Judge Henderson in *McCray v. State*, 38 Tex.Crim. 609, 44 S.W. 170 (1898). In *Cravens*, this Court concluded that a reanalysis of the issue was in order because "this impeachment practice was justified solely by the common experience or mores of the day in the 1890's and (because) the Legislature has seen fit to codify the prohibition against impeachment by prior acts of misconduct." *Cravens, supra* at 749.

Similarly, evidence of an act of prostitution should not receive special treatment, and should be subject to the same review as any other evidence of previous sexual conduct under the authority of Sec. 21.13. This review begins with a determination by the trial court if the prior act of sexual conduct is material "to a fact issue in the case." Section 21.13(a), *supra*. The trial court concluded in the instant case that

Walker's and Denkins' testimony was not material. For the Court of Appeals to conclude that their testimony was automatically material is at cross-purposes with Sec. 21.13 and interferes with the trial court's proper exercise of his discretion. We hold that the fact that the evidence of previous sexual conduct was for hire does not, in and of itself, lend materiality to the conduct. It also does not mean that the evidence automatically meets the first requirement of Sec. 21.13. The Court of Appeals erred in holding otherwise.

The Court of Appeals' assumption of materiality was also incorrect because it preempted them from assessing the trial court's conduct and judgment at the in-camera hearing. After assuming the testimony was material, the Court of Appeals reviewed whether the testimony's inflammatory or prejudicial nature outweighed its probative value. In making this balancing evaluation, the Court of Appeals substituted its own judgment for that of the trier of fact and, also, incorrectly stated the role of the trial court at this in-camera hearing. The Court of Appeals stated,

"In conducting our analysis, we must remember that an in-camera hearing such as that authorized by sec. 21.13, the trial judge is the sole judge of the credibility of the witnesses and as such he may accept or reject any part or all of the testimony given. See *Bellah v. State*, 653 S.W.2d 795, 796 (Tex.Crim. App.1983)." *Holloway, supra* at 117.

We disagree with this description of a trial court's responsibilities at a Sec. 21.13 in-camera hearing.

■ The Court of Appeals mistakenly applied *Bellah* to the instant case. *Bellah* dealt with the issue of a trial court's decision on the voluntariness of a confession at a pre-trial hearing. The admissibility of a confession depends on the resolution of a preliminary question of fact. Was the confession voluntarily and knowingly made by the defendant? The existence or nonexistence of that fact is a matter to be determined by the judge. Ray, Law of Evidence Sec. 2, 1 Texas Practice 3. In the course of that determination he is the sole judge of

the credibility of the witnesses, and the judge may accept or reject any part or all of the testimony given. *Bellah, supra;* and *Myre v. State,* 545 S.W.2d 820 (Tex.Cr. App.1977).

 However, the instant case dealt with a Sec. 21.13 in-camera hearing involving the admissibility of previous sexual conduct of the victim. Though a trial court is making a determination of admissibility of evidence outside the presence of the jury, as he would to determine the voluntariness of a confession, this is not a ruling on admissibility which depends on resolving a preliminary question of fact. Instead, the role of a judge is to examine the proffered testimony in the light of a specific fact at issue in the trial, and then determine if some or all of the proffered evidence is material to that fact. If he finds the testimony to be material, he must then decide if its prejudicial nature outweighs its probative value. Section 21.13(a), *supra.* A rule of admissibility such as this is "not concerned with the weight of the evidence," Ray, *Law of Evidence,* sec. 1481, 2 Texas Practice 166. Instead, it is a decision for the trial judge, who must depend on his own reason and judgment to make the determinations called for in Sec. 21.13. It is a decision which we will reverse if we find the trial court abused its discretion in making that decision. This is the proper method for reviewing the decision of the trial court in the instant case.

 We agree with the trial court that the excluded testimony of Walker and Denkins was not material to the issue of whether the victim consented to sex with the appellant based upon the facts of this case.

The testimony of Walker and Denkins that was excluded did not establish by direct observation or by hearsay account that the appellant and the victim had engaged in any prior sexual conduct together. The appellant's defense of consent was countered by the testimony of the State's witnesses, including the victim. The State's evidence, which was already before the trial court at the time of the hearing, showed the appellant confronted the victim and threatened her with a knife. The appellant

forced the victim to engage in sexual intercourse and sodomy with him and several other men. At one point, he allegedly told the victim he would kill her if she made any noise. The physical evidence showed that appellant was in possession of a knife when he was arrested, and that the victim's blouse was torn and her pants were ripped open. The victim also testified that she sustained various injuries, including a cut on her forehead which required stitches. The officer who arrested appellant testified that the victim was weeping when he first saw the appellant assaulting her.

When the hearing was concluded, the appellant requested that Walker's testimony be admitted. The trial court stated,

"THE COURT: All right, sir. As far as Rita Walker, the only thing she can testify to in front of the Jury is being there, what she saw, and what she says she heard, and you are not to question her as to any prior reputation or opinion evidence, of specific acts of sexual contact.

As far as Adelia Denkins, she can testify to what she saw; no hearsay. Of course, the hearsay goes for both of the witnesses.

Reputation and opinion evidence on this is not admissible. Do you understand the Court's ruling?"

We find that the trial court did not abuse its discretion when it excluded part of Walker and Denkins' testimony. It was not necessary for the Court of Appeals to review whether the prejudicial nature outweighed the probative value. Instead, we agree with the trial court that the excluded testimony was not material.

In making this decision, we decided that the materiality of the excluded testimony was not enhanced because it dealt with previous sexual conduct that was for hire. In *Wilson v. State,* 17 Tex.App. 515 (Galveston Term, 1885), Presiding Judge White wrote:

"no amount of evidence as to the prosecutrix' want of chastity should overcome proof of the fact that she was ravished by force, as shown by the violence or marks of violence upon her neck

and other portions of her person, and her condition, mental and physical, immediately after the occurrence, as testified to by the witnesses. Rape may be committed upon the most notorious prostitute, and if the physical facts and personal violence are proven, it were worse than idle to rebut them simply by proof of want of chastity." *Wilson,* at 537–538. We hold that the testimony was properly excluded because it was irrelevant to the issue of whether the victim consented to sexual intercourse with the appellant. To rule otherwise would be to agree with the appellant's implied suggestion that a prostitute cannot be raped. This is as ridiculous as assuming that a philanthropist cannot be robbed because he has a past history of instances where he gave away money and property to people he did not know.

Last, we will comment on the excluded testimony of the witness Denkins. Unlike Walker, her testimony at the in-camera hearing described the victim's reputation as that of a common prostitute. We note that unlike *Cravens,* the appellant did not attempt to cross-examine the victim about her reputation, in an attempt to impeach her credibility. Instead, he sought to admit Denkins' reputation testimony to support his defense of consent. As such, he sought to gain its admission under the authority of Sec. 21.13 during his case in chief. In the same way that it is no longer proper or fair to impeach a witness by asking her if she is a common prostitute, *Cravens, supra,* it is no longer material to a victim's consent to a sexual act to prove that she has a general reputation for being a common prostitute.[3]

The judgment of the Court of Appeals, to affirm the conviction of the appellant, is affirmed.

ONION, P.J., and CLINTON and DUNCAN, JJ., concur in the result.

TEAGUE, Judge, dissenting.

The issue that is before this Court is not what we as judges on this Court might personally favor, but, instead, is whether our law permitted the jury to hear vital and favorable exculpatory "reputation" evidence from the appellant's witness that related to the complaining witness having the reputation of being a common prostitute.[1] It is undisputed, according to the complainant, that appellant committed forcible sexual intercourse. However, it is also undisputed, according to appellant, that any sexual act that occurred was consensual.

The record reflects that appellant offered the defense that the complainant approached him and agreed to perform oral sex on him for money, which he testified occurred. Evidence was adduced that showed that while he and the complainant were underneath a bridge in a muddy sewer pipe located in Fort Worth, appellant was caught in the act by a patrolling Fort Worth police officer.

To establish the fact that the complainant had the reputation of being a common prostitute, thus leaving the inference that for money she was willing to perform the sexual act at that location, appellant proffered testimony that the complainant had the reputation of being a common prostitute. The trial judge, however, refused to permit the jury to hear this favorable to the defendant exculpatory reputation testimony. I find that the trial judge clearly erred, and, given the Federal and State constitutional rights of the defendant to present favorable evidence that might establish his innocence, such error amounted to reversible error.

It is necessary to emphasize that the excluded testimony did not concern the

---

**3.** Rule 412(a) Tex.R.Crim.Evid. states:

(a) In a prosecution for sexual assault or aggravated sexual assault, or attempt to commit sexual assault or aggravated sexual assault, reputation or opinion evidence of the past sexual behavior of an alleged victim of such crime is not admissible.

**1.** At least by Rule 412(a), *Rules of Criminal Evidence,* had trial occurred today, this evidence would not have been admissible. However, at the time of appellant's trial, evidence on this issue was admissible "if it was material to a fact at issue in the case and its inflammatory or prejudicial nature does not outweigh its probative value." V.T.C.A., Penal Code, § 22.065, which is the renumbering of § 21.13.

complainant performing or engaging in any past sexual act as a prostitute. The excluded testimony went to her reputation for being a prostitute.

The Fort Worth Court of Appeals, see *Holloway v. State,* 695 S.W.2d 112 (Tex. App.—2nd 1985), held that the proffered testimony was not admissible, notwithstanding its finding that "evidence that the prosecutrix is a prostitute [sic] is more apt to be material to the issue of consent than evidence of other sexual activity. Therefore, in line with this reasoning we can say that the proffered testimony concerning a recent act(s) of prostitution [sic] had some bearing on the question of consent; thus satisfying the materiality element of sec. 21.13." (117). I agree with this holding. However, the court of appeals also found that "it [could not] say that the evidence offered was sufficiently probative of the consent issue as to outweigh its highly inflammatory and prejudicial nature ..." (117). The court of appeals held that the trial judge did not abuse his discretion in excluding such testimony under the violent facts of this case. (117). I disagree with the latter holding.

The admissibility of the excluded favorable to the appellant reputation testimony evidence of the complainant is controlled not, as the majority asserts, by this Court's decision of *Cravens v. State,* 687 S.W.2d 748 (Tex.Cr.App.1985), which held that "acts of prostitution are no more material than other acts of previous sexual conduct", and further held that "an improper question because the inquiry was directed to a particular discernible business or occupation that was unlawful ... [is inadmissible evidence]", (753), but instead is controlled by this Court's decision of *Mitchell v. State,* 544 S.W.2d 927 (Tex.Cr.App.1977), which held that where the issue of consent is raised by the defendant, as occurred here, he is entitled to have a reputation witness testify that the complainant had the reputation of being a common prostitute. Sad to say, the majority opinion does not even mention *Mitchell,* supra, much less make an effort to distinguish it. Why is this?

I find that Justice Levine of the Michigan Supreme Court hit the nail on the head when he stated the following in the dissenting opinion that he filed in *People v. Williams,* 416 Mich. 25, 330 N.W.2d 823 (Mich.1982):

"Some jurors might find it difficult to believe that a woman would agree to sexual intercourse with a man who approached her in a bar. Most jurors would find it incredible that a woman would agree to intercourse with four men in succession. Such behavior is likely to be considered most unusual and unlikely to occur voluntarily. Jurors might thus find Williams' story more probable if it is shown that complainant previously had intercourse with him. Likewise jurors might regard it more believable that a woman would consent to sexual acts with four men in succession, if they heard evidence that complainant has had sexual intercourse with a number of men in succession on a professional basis. (Footnote omitted.) To be sure, a woman's willingness to have sexual intercourse with one man on one or more occasions does not prove or even make it probable that she will consent to intercourse with that man and three others on some later occasion. Nor, I agree, does evidence that a woman is a prostitute establish or make it probable that she would be willing to have sexual intercourse without compensation with four men. (Footnote omitted.) But evidence need not make a conclusion probable in order to be relevant; it must only make the conclusion more probable than it would have been without the evidence.[8]

---

8. The question is not whether it is probable that a woman who consented in the past would consent again, but whether the defendant's story is more probable if complainant had consented in the past than it would be if she has not consented in the past. Similarly, the question is not whether it is probable that a prostitute would consent to sexual intercourse with four men in succession, but whether it is more probable that a prostitute would do this than a woman who is not a prostitute.

The major flaw that I find in the majority opinion is that it fails to consider the

issue in light of appellant's constitutional right to present to the jury exculpatory evidence that went to his defense of consent.

It is now axiomatic that a criminal defendant has a fundamental right under the Federal Constitution to meet the State's proof with whatever defensive evidence he can muster. See *Davis v. Alaska*, 415 U.S. 308, 315–16, 94 S.Ct. 1105, 1109–10, 39 L.Ed.2d 347 (1974). Also see *Long v. State*, 742 S.W.2d 302 (Tex.Cr.App.1987). Thus, any State prohibition of such proffered exculpatory "reputation" defensive evidence or testimony, that is relevant and material to the issue, must yield to the defendant's constitutional right to meet the State's proof with whatever defensive evidence or testimony he can muster. The exculpatory "reputation" defensive testimony that appellant sought to have admitted before the jury was clearly probative, relevant and material on the issue of consent. Furthermore, given the nature of the proffered testimony, had it been admitted into evidence for the jury's consideration, the prejudice to the complainant, resulting from the disclosure to the public of such evidence, would have been extremely minimal. Given the facts of this cause, I believe that it would be difficult, if not impossible, to besmirch either the character or reputation of the complainant. The proffered defensive "reputation" evidence was clearly admissible, and the trial judge erred in not admitting such evidence for the jury's consideration. Appellant was presumptively harmed by such error, see Rule 81(b)(2), *Rules of Appellate Procedure*, and because it is not possible to state, beyond a reasonable doubt, that the error made no contribution to appellant's conviction, appellant's conviction should be set aside and a new trial granted.

For the above reasons, I respectfully dissent to the majority opinion's holding that the trial judge did not reversibly err in failing to admit the proffered defensive reputation testimony.