Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

HARRY LEROY HAMRICK, JR.,
)
 No. 08-02-00091-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 161st District Court

)


THE STATE OF TEXAS,
)
 of Ector County, Texas

)


 Appellee.
)
 (TC# B-28,665)


O P I N I O N



 Harry Leroy Hamrick, Jr. appeals his convictions of aggravated sexual assault (three counts). 
A jury found Appellant guilty of each count and the court assessed punishment at imprisonment for
a term of forty years on each count. We affirm.

FACTUAL SUMMARY


 In 1999, nine-year-old C.B. lived with her mother, father, uncle, brother, and sister. 
Appellant also lived in the house with them. At around 1 a.m. on October 15, Appellant awakened
C.B. by shaking her and made her go outside with him. Appellant, who was drunk, escorted C.B.
out of the home and down the street to a vacant house. Appellant wrapped his tee shirt around his
hand and broke a window to get into the house. Once inside the house, Appellant made C.B. go into
a bedroom where he told her that he was going to "pop her cherry." Appellant then sexually
assaulted C.B. with his finger and penis. He also placed his penis in her mouth. C.B.'s back was
scratched by nails on the floor of the bedroom. Appellant told C.B. that if she told anyone what he
had done, he would tell everyone that it was a lie. After assaulting C.B. for two hours, Appellant
and C.B. returned to her home. C.B. did not tell anyone what had happened for several weeks and
only reported it after Appellant had moved out of her home. 

 Prior to trial, the State filed a written motion in limine regarding any evidence showing sexual
conduct of the victim with any person other than the defendant and any previous allegations made
by the victim of any sexual contact with any person other than the defendant. The trial court granted
the motion and required defense counsel to approach the bench before eliciting such evidence. 
During the defense case-in-chief, the trial court conducted a hearing outside the presence of the jury
to determine whether the testimony of C.B.'s uncle, Eb Smith, should be admitted. Smith lived in
C.B.'s home at the same time as Appellant. Sometime after January 24, 2000, he asked C.B. why
she had accused Appellant of molesting her. C.B. did not answer the question at first but after Smith
asked it several times, she said that she had done it in order to get attention. She then said that if
Smith did not start acting nicer, he would be next. Smith understood C.B.'s statement to be a threat
that she would make up something against him. He added the following statement:

 She had already done it against her grandfather, her father -- her step-father, her little
brother and me. Well, not and me, but that is what she was insinuating, or that is the
way I took it. 


 At the conclusion of the testimony, the trial court asked Appellant's counsel what portion of
the testimony he believed was admissible. At first, counsel only identified Smith's testimony that
C.B. admitted making up the accusation against Appellant in order to get attention. He specifically
told the trial court that the outcry testimony against the grandfather, stepfather, and brother was not
admissible. Counsel then added that C.B.'s threat to accuse Smith was also admissible. The trial
court allowed Smith to testify that C.B. told him she had made up the accusation to get attention, but
prohibited testimony that C.B. had accused anyone else or had threatened to falsely accuse Smith. 
FALSE ALLEGATION BY COMPLAINANT


 In his sole point of error, Appellant contends that the trial court erred in excluding portions
of Eb Smith's testimony because it limited Appellant's ability to challenge the complainant's
credibility by showing bias and motive to falsely accuse Appellant. The State responds that Rule 412
(the "Rape Shield Law") precludes admission of the evidence.

 To the extent Appellant argues that Smith should have been allowed to testify that C.B. had
accused others of sexual contact, his contention is waived. Appellant's counsel did not suggest that
this testimony should be admitted and in fact specifically agreed with the trial court that it was
inadmissible. Having failed to offer the evidence for admission, Appellant cannot now complain on
appeal that the court erred by excluding it. See Tex.R.Evid. 103(a)(2); Tex.R.App.P. 33.1.

 We next consider the trial court's ruling with respect to Smith's testimony that C.B. had
threatened to falsely accuse him. We reverse a trial court's decision to exclude evidence only if the
trial court abused its discretion. Holloway v. State, 751 S.W.2d 866, 870 (Tex.Crim.App. 1988). 
A trial court abuses its discretion when its decision was so clearly wrong as to lie outside that zone
within which reasonable persons might disagree. Cantu v. State, 842 S.W.2d 667, 682
(Tex.Crim.App. 1991)(op. on reh'g).

 Under Rule 412, a complainant's sexual reputation or prior sexual behavior is generally not
admissible in a prosecution for sexual assault. Tex.R.Evid. 412(a). But here, Smith's testimony did
not concern C.B.'s sexual reputation or prior sexual behavior, but rather her threat to falsely accuse
him if he did not change his behavior towards her. Therefore, Rule 412 is inapplicable. Instead, we
believe the admission or exclusion of this evidence is governed by Rule 608(b), which provides:

 (b) Specific Instances of Conduct. Specific instances of the conduct of a witness,
for the purpose of attacking or supporting the witness' credibility, other than
conviction of crime as provided in Rule 609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence.


Tex.R.Evid. 608(b).

 The Court of Criminal Appeals has considered whether the Confrontation Clause allows the
admission of previous false accusations of sexual abuse against a person other than the defendant
despite Rule 608(b)'s specific prohibition. Lopez v. State, 18 S.W.3d 220, 222-23 (Tex.Crim.App.
2000). The court rejected a per se exception to Rule 608(b) for sexual offenses, but recognized that
this rule may on occasion conflict with an accused's right of confrontation. See Lopez, 18 S.W.3d
at 222-23. In such a case, the Constitution will prevail over the rule. Id. at 222-23, Tex.R.Evid.
101(c). Courts must examine these cases on an individual basis to determine whether the
Confrontation Clause demands the admissibility of certain evidence. Lopez, 18 S.W.3d at 225. In
making this determination, the trial court must balance the probative value of the testimony against
the risk its admission entails. Id. at 222. In Lopez, the court found that the defendant had a
"heightened need" to impeach the complainant's credibility with evidence of the prior allegation
because the trial was a typical "swearing match" between the defendant and the complainant. Id. at
225. Significantly, the prior allegation was not shown to be false. Further, the type of act alleged
was unrelated to the sexual abuse allegation, and there was a high risk that it would confuse the jury
and result in unfair prejudice. Id. at 225-26. Consequently, the court concluded that the trial court
did not abuse its discretion by excluding the evidence.

 This case is more than a "swearing match" because the State adduced physical evidence
which tended to support C.B.'s allegation against Appellant. When C.B. made her initial outcry to
a teacher, she said that she had gotten scratches on her back from the floor when she was assaulted. 
She made the same statement to the case worker who interviewed her about the sexual assault and
the case worker observed linear scratches on her back which were nearly healed. Sergeant Bobby
Luffman of the Ector County Sheriff's Office investigated the offense. Based on information
provided by C.B. and her parents, Luffman went to the vacant house where C.B. said the assault had
occurred. Consistent with the information C.B. had provided in an earlier interview, Luffman found
a broken window in the house and a bedroom which had nails sticking up through carpet padding. 
C.B. identified the bedroom as the same one where the assault had occurred and she pointed out the
nails in the carpet padding as the objects which had scratched her back. C.B. had also told one of
her interviewers that she was swollen and could not urinate the following morning. A sexual assault
examination revealed that C.B. had healed tears in both the hymen and anal tissue. In the opinion
of the sexual assault nurse examiner, these injuries were consistent with C.B.'s allegations. 
Additionally, trauma to C.B.'s female sexual organ could have caused swelling and difficulty in
urinating. Given the corroborating evidence, the instant case does not involve a "heightened need"
to impeach C.B.'s credibility with her threat to falsely accuse Smith. It is not entirely clear from
Smith's testimony that C.B. threatened to accuse him of sexual assault as opposed to some other
allegation. Thus, the trial court could have concluded that the evidence lacked probative value and
would be unfairly prejudicial. Although reasonable minds can differ, an abuse of discretion is not
shown.

 Even if the trial court erred by not admitting this evidence, it is harmless beyond a reasonable
doubt. See Tex.R.App.P. 44.2(a). Under the constitutional error harm standard, we consider the
entire record in a neutral light and determine "if there was a reasonable possibility that the error,
either alone or in context, moved the jury from a state of nonpersuasion to one of persuasion as to
the issue in question." Wesbrook v. State, 29 S.W.3d 103, 119 (Tex.Crim.App. 2000). Smith was
permitted to testify that C.B. admitted to him she had made up the story in order to get attention. On
direct examination by the prosecutor, Luffman volunteered that when he asked Appellant why C.B.
had made these allegations against him, Appellant responded that C.B. had previously made
allegations of sexual abuse against other people. Thus, the jury heard evidence that C.B. had falsely
accused Appellant and others. Because Smith's testimony would have been cumulative of the
evidence rejected by the jury, its exclusion did not move the jury from a state of non-persuasion to
one of persuasion on the issue of C.B.'s credibility. Point of Error No. One is overruled and the
judgment of the trial court is affirmed.



May 13, 2004 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish)