MARY'S OPINION HEADING 







                                                                                    NO. 12-03-00108-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
JOSEPH CHAVIRA,                                         §                 APPEAL FROM THE 
APPELLANT
 
V.                                                                         §                 CRIMINAL DISTRICT COURT 2

THE STATE OF TEXAS,
APPELLEE                                                        §                 TARRANT COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            A jury convicted Appellant Joseph Chavira of sexual assault and assessed his punishment
at imprisonment for fifteen years. In two issues presented, Appellant contends the trial court erred
in excluding evidence of the complainant’s prior sexual history and in overruling his objection to
the prosecutor’s jury argument. We affirm.
 
Background
            C.S., the complainant, traveled the country selling magazines door to door and in shopping
center parking lots. On March 10, 2001, C.S. approached Appellant as he drove his pickup into the
Albertson’s grocery parking lot. Appellant seemed enthusiastic about buying several magazines. 
C.S., following the training instructions for the sales job, got in the passenger side of Appellant’s
pickup and began filling out an order form. C.S. had been instructed to get cash for sales. When
Appellant told her that he did not have cash with him to pay for the magazines, C.S. suggested that
they go to a nearby automatic teller machine. Appellant agreed, but as they left the parking lot, he
turned in a different direction explaining that he wanted to go to his own ATM machine.
            During the drive, Appellant told C.S. she was pretty, and tried to rub her shoulders and leg. 
This made C.S. uncomfortable, but when Appellant turned into a deserted parking lot behind North
Riverside Elementary School, she “got really scared.” When she tried to open the truck door to get
out, she heard a plastic bottle fall out onto the ground. Appellant reached across her, pulled the door
shut, and locked it. He pushed C.S. against the door and seatback in the corner of the cab. She was
on her side with her arm pinned beneath her. Appellant then pulled her pants down and put his penis
into her female sexual organ. After Appellant had finished, he drove to the parking lot exit and let
her out of the truck.
            C.S. ran down the street knocking on doors until she found someone at home who let her use
the telephone. She called 911 and reported the assault. When the police arrived, C.S. told the police
what had happened, and gave them a partially completed magazine order form that she had filled out
for Appellant and put in her pocket.
            C.S. was taken to the hospital where she underwent a sexual assault examination. The
examining physician found superficial abrasions on C.S.’s chest. He also found that the back of her
neck and her right jaw were tender upon palpation. While at the hospital, C.S. gave the police a
written statement and identified Appellant in a photo lineup.
            The police arrested Appellant when he returned to his house. A search of his truck revealed
C.S.’s receipt book. The DNA of the sperm sample from C.S.’s vaginal swab matched Appellant’s
DNA.
            Appellant initially told the police that he had not had sexual relations with anyone on the day
C.S. claimed Appellant assaulted her. At trial, however, he testified that C.S. initiated the sexual
overtures, which eventually led to consensual intercourse. On cross-examination, the prosecutor
asked Appellant what he believed motivated C.S. to fabricate the charges against him. Appellant
replied that he believed she became angry after he refused to pay her cash for the magazines he had
agreed to buy, and that she had brought the rape charge in retaliation for his failure to pay her. 
Appellant also admitted that he had been convicted of indecent exposure forty days before the assault
charged in this case.
 
 
Exclusion of Evidence of Bias or Motive
            In his first issue presented, Appellant contends the trial court erred in excluding evidence of
the complainant’s bias or motive.
Standard of Review
            A reviewing court shall reverse a trial court’s decision to exclude evidence only if the trial
court abused its discretion. Holloway v. State, 751 S.W.2d 866, 870 (Tex. Crim. App. 1988). A trial
court abuses its discretion when “its decision was so clearly wrong as to lie outside that zone within
which reasonable persons might disagree.” Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App.
1992).
Applicable Law and Analysis
            Under Texas Rule of Evidence 412(b), evidence of specific instances of an alleged sexual
assault victim’s past sexual behavior is not admissible unless it is evidence that comes within one
of five enumerated exceptions and its probative value outweighs the danger of unfair prejudice,
including the danger of unfair prejudice to the alleged victim. Tex. R. Evid. 412(b)(2), (3); see also
Stephens v. State, 978 S.W.2d 728, 733 (Tex. App.–Austin 1998, pet. ref’d).
            Appellant sought to introduce evidence of C.S.’s past sexual behavior upon the issue of
C.S.’s motive or bias to falsely accuse him. See Tex. R. Evid. 412(b)(2)(B), (C). Upon notice by
Appellant that he proposed to offer evidence of the victim’s past sexual behavior, the trial court
conducted an in camera hearing to determine the admissibility of the proposed evidence. See Tex.
R. Evid. 412(c). During the in camera examination of C.S. by Appellant’s attorney, C.S. admitted
that she had had sexual relations with her boyfriend four or five days before the incident in question,
and that when her boyfriend came to pick her up at the hospital there were problems between them
which “probably escalated and moved on from him to everybody else in the company.” C.S. also
admitted that she was being treated for depression prior to March 10, and that she had taken one
Paxil pill, an antidepressant, before discovering she was allergic to the medication. When asked by
the court how the fact that she had sexual relations with her boyfriend four or five days before the
alleged assault showed bias, defense counsel responded, “Well, she got a lot of heat with the
boyfriend over this and with other people, I think is what she said.”
            The trial court commented that the boyfriend’s attitude developed “after the fact” and
excluded the evidence.
            Appellant argues that C.S.’s consent was the crucial issue confronting the jury, and that the
evidence developed in the in camera hearing demonstrated a bias or motive bearing on C.S.’s
credibility. To support his argument, Appellant contends this case is analogous to Yzaguirre v.
State, 938 S.W.2d 127 (Tex. App.–Amarillo 1997, pet. ref’d). In Yzaguirre, the defendant was
charged with the assault of a twelve-year-old boy. The boy’s mother found her son and the
defendant in a compromising position. The boy initially denied that anything had happened, but later
accused the defendant of molesting him. The trial court excluded the testimony of the victim’s
mother that before the assault she had scolded the victim for comparing genitals with his male
cousin, and that she told him that he would be spanked if he were caught doing such things again. 
The trial court also excluded the victim’s testimony that he was afraid to tell his mother about the
sexual assault because he was afraid she would get mad at him. The court of appeals held the trial
court erred because the excluded evidence tended to establish the victim’s motive for making the
accusation. The jury was faced with the choice of believing the victim’s first statement that nothing
had happened or his subsequent accusation that the defendant had molested him. Id. at 128.
            In Yzaguirre, the excluded testimony would have shown that the victim had been in trouble
for improper sexual behavior in the past, and, therefore, had a motive to blame someone else. The
excluded testimony in this case regarding C.S.’s past sexual conduct does no more than show she
was sexually active. It does not establish that she had a motive to falsely accuse Appellant.
            That C.S. took one Paxil pill for depression at an unspecified time prior to the alleged assault
and that her boyfriend was angry with her when he picked her up at the hospital after she had accused
Appellant do nothing to establish C.S.’s bias against Appellant or a motive to falsely accuse him. 
Moreover, these last two circumstances did not involve specific instances of C.S.’s past sexual
behavior under Rule 412, the only ground urged at trial for their admission in evidence. The trial
court did not abuse its discretion in excluding the proffered testimony because it did not tend to
establish C.S.’s bias or motive under Rule 412. Appellant’s first issue is overruled.
 
Jury Argument
            In his second issue, Appellant claims the trial court erred in overruling his objection to the
prosecutor’s final argument. 
 
Applicable Law and Analysis
            Permissible jury argument must fall within one of the following four general areas: (1)
summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to opposing
counsel’s argument; or (4) plea for law enforcement. Cantu v. State, 939 S.W.2d 627, 633 (Tex.
Crim. App. 1997).
            During final argument at the guilt stage of the trial, defense counsel alluded to the
Albertson’s parking lot videotape, which had been briefly mentioned during trial but never shown
or described to the jury. Defense counsel argued as follows:
 
[DEFENSE COUNSEL]: And why would she be getting in the car with somebody if she didn’t want
to be in the car? And if it’s anything other than that, then where is that videotape from Albertson’s? 
Where did that go? Why isn’t that here? The prosecutor will stand up and say, Oh, Mr. Ray could
have brought it to you. And as soon as those words come out of her mouth, you need to be thinking,
Mr. Ray does not have the burden of proof in a criminal case.


The prosecutor, in her closing argument, responded in the following fashion:
 
[PROSECUTOR]: Defense counsel makes a big deal about us not bringing a video. We brought
everything of value. If there’s anything that helps them out, we’d have to turn it over to them. So he
could have brought you that video.
 
[DEFENSE COUNSEL]: Excuse me. Excuse me. She’s outside the record. I object.
 
THE COURT: I’ll overrule it.
 
[DEFENSE COUNSEL]: Thank you.
 
[PROSECUTOR]: So if that video helped him, he could have brought you that video. But there was
nothing of value on that video.
 
[DEFENSE COUNSEL]: Excuse me. That assumes facts that are not in evidence. I object to that. 
It’s also outside the record.
 
THE COURT: All right. This is final argument. It’s not evidence. I’ve already instructed the jury. 
Whatever argument there is, it’s just that. It’s overruled. Let’s move on.


            Appellant argues that since consent was the central issue in the case, the question of how C.S.
came to be in Appellant’s pickup was extremely important. Therefore, the prosecutor’s comment,
“there was nothing of value on that video,” was improper and harmful.
            The prosecutor’s remark that “there was nothing of value on the video” was clearly a
reference to a fact not in evidence. That portion of the argument was improper and the trial court
erred in overruling Appellant’s objection.
Harm
            Jury argument presenting facts outside the record is nonconstitutional error and must be
disregarded unless it affected a substantial right of the defendant. See Tex. R. Evid. 44.2(b); see also
Martinez v. State, 17 S.W.3d 677, 692 (Tex. Crim. App. 2000). A substantial right is affected when
an error has a substantial and injurious effect or influence upon the jury’s verdict. King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997). In evaluating whether an improper argument affected an
appellant’s substantial rights, the reviewing court considers three factors:
 
(1) severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor’s remarks),
(2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge),
and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the
conviction). (citations omitted).


Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).
            It is undisputed that C.S. voluntarily entered Appellant’s pickup and that she suggested that
they drive together to an ATM so Appellant could get cash to pay her for the magazines. The
prosecutor’s comment did not imply that the videotape contained anything favorable to the State’s
case, and it is impossible to conclude that, given the evidence, the jury could have drawn such an
inference from it. At the most, the comment could have had only a minimal prejudicial effect.
            There was an abundance of evidence supporting the conviction. C.S. reported the assault
immediately upon her release by Appellant. Her injuries were consistent with her report of the
assault. The jury heard her demeanor on the tape of her 911 call, and there was evidence that she
was still upset and crying later that night at the hospital.
            Appellant’s version of events was not consistent with what he first told the police. The jury
learned that Appellant initially denied have sexual relations with anyone on the day in question. 
Appellant also admitted that he had pleaded guilty to an accusation of indecent exposure forty days
before the charged offense.
            Despite the absence of any curative instruction from the judge, the effect of the challenged
argument was negligible. No substantial right of Appellant was affected. Appellant’s second issue
is overruled.
 
Disposition
            Having overruled Appellant’s first and second issues, the judgment of the trial court is
affirmed.
 
                                                                                                    BILL BASS 
                                                                                                            Justice
 
 
Opinion delivered June 23, 2004.
Panel consisted of Worthen, C.J., DeVasto, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.





















(DO NOT PUBLISH)












COURT OF APPEALS
TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
JUDGMENT
 
JUNE 23, 2004
 
NO. 12-03-00108-CR
 
JOSEPH CHAVIRA,
Appellant
V.
THE STATE OF TEXAS,
Appellee

 
 Appeal from the Criminal District Court 2
 of Tarrant County, Texas. (Tr.Ct.No. 0800162D)
 
                                                                                                                                                           
 
 
                                    THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this court that there was no error in the judgment.
                                    It is therefore ORDERED, ADJUDGED and DECREED that the judgment
of the court below be in all things affirmed, and that this decision be certified to the court below
for observance.
                                    Bill Bass, Justice.
                                    Panel consisted of Worthen, C.J., DeVasto, J., and Bass, Retired Justice,
                                                Twelfth Court of Appeals, Tyler, sitting by assignment.


THE STATE OF TEXAS
M A N D A T E
TO THE CRIMINAL DISTRICT COURT OF TARRANT COUNTY, GREETINGS:
 
            Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 23rd
day of June, 2004, the cause upon appeal to revise or reverse your judgment between
 
JOSEPH CHAVIRA, Appellant
 
NO. 12-03-00108-CR and Tr. Ct. Case Number 0800162D
 
Opinion by Justice Bill Bass.
 
THE STATE OF TEXAS, Appellee

was determined; and therein our said Court made its order in these words:
            THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same
being inspected, it is the opinion of this court that there was no error in the judgment.

            It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below
be in all things affirmed, and that this decision be certified to the court below for observance.

            WHEREAS, YOU ARE HEREBY COMMANDED to observe the foregoing order of said
Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things
have it duly recognized, obeyed, and executed.

            WITNESS, THE HONORABLE JAMES T. WORTHEN, Chief Justice of said Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 200_.
 



                                    CATHY S. LUSK, CLERK
 
 
                                    By:_______________________________
                                         Deputy Clerk