11th Court of Appeals
Eastland, Texas
Opinion
 
Walter Eduardo Orellana
            Appellant
Vs.                  No. 11-03-00101-CR -- Appeal from Dallas County
State of Texas
            Appellee
 
            Walter Eduardo Orellana appeals his jury conviction of aggravated sexual assault. See TEX.
PEN. CODE ANN. § 22.021 (Vernon Supp. 2004 - 2005). The jury assessed his punishment at 7
years confinement. Appellant raises three points of error: first, that the trial court erred by not
allowing Mack McClendon to testify in front of the jury about the victim’s alleged history of
prostitution; second, that the trial court erred in denying appellant’s motion for a mistrial after
Detective Jean Tremain was asked whether the victim was credible; and third, that the evidence was
factually insufficient to support his conviction. We affirm.
McClendon’s Excluded Testimony
            Appellant testified that the victim signaled for him to stop while he was driving home; that
she told him that she sold sex; and that she agreed to have sex with him for $20. To buttress
appellant’s testimony and attack the victim’s credibility, the defense called McClendon as a witness. 
McClendon testified that he had known the victim since she was 14 years old and that her reputation
for being truthful was bad. See TEX.R.EVID. 608(a). McClendon acknowledged that he owed the
victim approximately $20,000 in child support and that he had been convicted of assaulting the
victim. The trial court allowed McClendon to testify as to the victim’s reputation for truthfulness
but did not allow McClendon to testify that the victim worked as a prostitute. Appellant contends
that the trial court erred. 
            A victim’s prior sexual history is not admissible in the prosecution of a sexual assault unless
(1) it is needed to rebut or explain the State’s scientific or medical evidence, (2) it is evidence of the
complainant’s past sexual behavior with the accused and is offered by the accused to show that the
complainant consented to the sexual behavior, (3) it relates to the motive or bias of the complainant,
(4) it is admissible under TEX.R.EVID. 609, or (5) it is required to be admitted by the constitution. 
In each instance, the probative value of the evidence must outweigh the danger of unfair prejudice. 
TEX.R.EVID. 412(b). It is the duty of the trial court to balance the prejudicial nature of the evidence
against the relevance and probative value of the evidence to determine its admissibility. Rule 412(b).
            A trial court is given broad discretion in ruling on the admissibility of evidence. See Salazar
v. State, 38 S.W.3d 141, 151 (Tex.Cr.App.2001). Therefore, the standard of review for evidentiary
decisions by the trial court is abuse of discretion. Holloway v. State, 751 S.W.2d 866, 870
(Tex.Cr.App.1988); see also Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Cr.App. 2000); Prystash
v. State, 3 S.W.3d 522, 527 (Tex.Cr.App.1999). We will not disturb the trial court’s ruling as long
as it was within the zone of reasonable disagreement. Montgomery v. State, 810 S.W.2d 372, 391
(Tex.Cr.App.1991).
            Appellant has not argued that the excluded testimony meets the minimum requirement of
relevancy. TEX.R.EVID. 401; see also Holloway v. State, supra (evidence of prostitution was not
material to the issue of whether the victim consented to sex with appellant). Nor has appellant
argued that, if the excluded testimony is relevant, it properly falls within the confines of Rule 412(b). 
Therefore, we hold that the trial court did not abuse its discretion. Appellant’s first point of error
is overruled.
Appellant’s Motion for Mistrial
            In his second point of error, appellant claims that the trial court should have granted his
motion for mistrial when the State’s witness, Detective Tremain, was asked by the State whether the
victim was credible.
            The jury, in all cases, is the exclusive judge of the credibility of witnesses and the weight
given to each person’s testimony. See TEX. CODE CRIM. PRO. ANN. arts. 38.04 & 36.13 (Vernon
1979 & 1981). The jury may accept all, part, or none of the testimony of any one witness in
determining the facts proved. Johnson v. State, 503 S.W.2d 788, 793 (Tex.Cr.App.1974); see
generally Article 38.04.
            During the State’s direct examination of Detective Tremain, the following exchange took
place:
            Q: Based on what you observed from [the victim] and your dealings with her,
did it appear to you that she had been traumatized?
 
            A: Yes, it did.
 
            Q: Did you feel like she had been sexually assaulted?
 
            [DEFENSE COUNSEL]: I object to this witness making a statement about
her opinion.
 
            THE COURT: Sustained.
 
            [DEFENSE COUNSEL]: I would ask the Jury to disregard.
 
            THE COURT: The jury is instructed to disregard the last question and any
answer.
 
            Q: Have you investigate --
 
            [DEFENSE COUNSEL]: Move for mistrial.
 
            THE COURT: Denied.
 
            Q: Have you investigated cases that turned out to be false?
 
            A: Yes.
 
            Q: What did you do?
 
            A: Did not file a prosecution report.
 
            Q: Based on all your experience did you find [the victim] to be credible?
 
            [DEFENSE COUNSEL]: Again same objection.
 
            THE COURT: Sustained.
 
            Q: Based on what you found did you file a case?
 
            A: Yes, I did. 
 
            Appellant argues that Detective Tremain’s testimony was offered “solely to buttress the
credibility of [the victim and] should not have been permitted.” Asking a witness, expert or lay, to
testify to the credibility of another witness is improper. See Johnson v. State, supra; see generally
Article 38.04. However, appellant objected timely, received a ruling from the trial court, asked for
an instruction for the jury to disregard, and received the instruction for the jury to disregard. Appel-lant then made a motion for mistrial which the trial court denied. Appellant argues that his motion
for mistrial was incorrectly denied. 
            A prompt instruction to the jury to disregard a question will normally cure the prejudicial
effect of an improper question. See Ovalle v. State, 13 S.W.3d 774, 783 (Tex.Cr.App.2000). In this
case, the instruction to disregard directly followed the objection. We assume that the jury followed
the trial court’s instruction. We hold that the trial court’s instruction to disregard the question cured
the error. 
            Moreover, we have reviewed the entire record and performed a harm analysis pursuant to
TEX.R.APP.P. 44.2(b). Our examination of the record reflects that Detective Tremain was not given
any opportunity to respond with her opinion as to the credibility of the victim. Therefore, the
claimed error could not have influenced the jury, and no harm was suffered by appellant. 
Appellant’s second point of error is overruled.
Factual Sufficiency of the Evidence
            In his third point of error, appellant contends that the evidence was factually insufficient to
support his conviction. To determine if the evidence is factually sufficient, we must review all of
the evidence in a neutral light and determine whether the evidence supporting guilt is so weak that
the verdict is clearly wrong and manifestly unjust or whether the evidence contrary to the verdict is
so strong that the beyond-a-reasonable-doubt burden of proof could not have been met. Zuniga v.
State, 144 S.W.3d 477 (Tex.Cr.App.2004); Ross v. State, 133 S.W.3d 618 (Tex.Cr.App.2004);
Zuliani v. State, 97 S.W.3d 589, 595 (Tex.Cr.App.2003); Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App.2000); Cain v. State, 958
S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).
            As stated, the jury was the sole judge of the credibility of the witnesses and of the weight to
be given to their testimony. Articles 38.04 & 36.13. Deference is given to the jury verdict, as well
as to determinations involving the credibility and demeanor of witnesses. Cain v. State, supra at 
407. We will set aside a verdict only if the evidence supporting the verdict is so weak as to render
the verdict clearly wrong and manifestly unjust or if the evidence contrary to the verdict is so strong
that the State’s burden of proof could not have been met. A clearly wrong and manifestly unjust
verdict occurs where the jury’s finding “shocks the conscience” or “clearly demonstrates bias.” 
Clewis v. State, supra at 135; see also Zuniga v. State, supra; Cain v. State, supra.
            The victim testified that, as she was waiting for a bus, appellant approached her and told her
to get into his van or he would shoot her. The victim complied and entered the van. Appellant again
threatened her by saying: “If you want to see your kids you will help me.” Appellant drove “real
fast” down the highway and eventually pulled over to the side of the road. Appellant ordered the
victim out of the van. He then fondled her and tied her hands together with some kind of plastic. 
Appellant then ordered her to get into the van, to lie down, and to take her pants off. The victim
testified that, during this time, appellant seemed angry and mad; he told her to “shut up” and cursed
at her. Appellant raped her at least twice and forced her to perform oral sex on him.
            After the assault occurred, appellant tried to drive the van away from the scene, with the
victim still inside, when he realized that he had a flat tire. He attempted to change the tire but was
unsuccessful and proceeded to a Texaco station. While at the Texaco station, appellant followed the
victim closely with his hands in his pockets at all times. After appellant “cut [her] off” as she tried
to speak to a man outside the Texaco station, appellant began speaking to the man in Spanish so she
could not understand the conversation. Eventually, however, the victim was able to secure a ride
from a man leaving the Texaco station. As soon as the victim entered this man’s car, she told him
that appellant had raped her. The man called 911 and arranged to meet the police at a different
Texaco station down the road. After the victim met with the police, they transported her to Parkland
Hospital where doctors performed a rape examination. 
            Appellant states that the victim’s “failure to immediately make an outcry at the Texaco
station to any number of customers is another indication that the conviction was unjust.” We
disagree. The record is replete with testimony concerning the victim’s attempts to get away from
appellant once they arrived at the Texaco station. These efforts included trying to communicate with
customers inside and outside the store, asking the store clerk to use the phone, and finally actually
obtaining a ride from a customer exiting the Texaco station. We will not disturb the jury’s findings.
            Appellant further argues that the jury could not find him guilty of aggravated sexual assault
because appellant presented evidence that he and the victim had consensual intercourse. Appellant
contends that “[t]ransporting an alleged victim of sexual assault to a Texaco station and remaining there
with her belies forcible rape.” A factual sufficiency review does not include this court speculating as
to what a person committing a sexual assault would or would not do after committing the crime. The
jury has resolved the facts in this case.
            This court has reviewed the entire trial record. The evidence, taken in a neutral light, was
factually sufficient because the evidence was not so weak as to render the conviction clearly wrong and
manifestly unjust and because the contrary evidence was not so strong that the beyond-a-reasonable-doubt burden of proof could not have been met. Appellant’s third point of error is overruled.
This Court’s Ruling
            The judgment of the trial court is affirmed.
 
                                                                                                TERRY McCALL
                                                                                                JUSTICE
January 20, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.