

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00376-CR

**SAMUEL UKWUACHU,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2014-1202-C2

## MEMORANDUM OPINION

Samuel Ukwuachu appeals from a conviction for the offense of sexual assault. TEX. PENAL CODE ANN. § 22.011 (West 2011). In six issues, Ukwuachu complains that the trial court erred by allowing the State to reference the cell phone records of his roommate during its cross-examination of his roommate and his roommate's friend, that the indictment was defective, that evidence of an extraneous offense was improperly admitted, that his due process rights were violated due to an abuse of the grand jury process by the State, and that text messages between the victim and a friend of hers the

night of the alleged offense were improperly excluded pursuant to Rule 412 of the Rules of Evidence. Because we find that the trial court erred by disallowing the admission of evidence pursuant to Rule of Evidence 412, we reverse the judgment of conviction and remand this proceeding for a new trial. Because the issue regarding the sufficiency of the indictment would result in greater relief for Ukwuachu, we will address that issue first.

**INDICTMENT**

In his third issue, Ukwuachu complains that the indictment against him is facially insufficient for failing to allege the manner and means in which the lack of consent was obtained. Ukwuachu did not file a motion to quash the indictment prior to trial.

"The sufficiency of an indictment is a question of law." *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). "[T]o comprise an [information] within the definition provided by the constitution, an instrument must charge: (1) a person; (2) with the commission of an offense." *Cook v. State*, 902 S.W.2d 471, 477 (Tex. Crim. App. 1995). "[A] written instrument is an indictment or information under the Constitution if it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective." *Duron v. State*, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). If the State fails to allege an element of an offense in an indictment or information then this failure is a defect in substance. *Studer v. State*, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990). The accused must object to substance defects before trial begins; otherwise the accused forfeits his right to

raise the objection on appeal or by collateral attack. TEX. CODE CRIM. PROC. ANN. art. 1.14(b) ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding."); *Duron*, 956 S.W.2d at 550-51. Because Ukwuachu did not file a motion to quash the indictment in this proceeding, this complaint has been waived. We overrule issue three.

**TEXT MESSAGES**

In his sixth issue, Ukwuachu complains that the trial court erred by failing to admit a series of text messages between the victim and a friend of hers made immediately prior to the offense.[1] The trial court did admit a series of messages between the victim and that same friend that took place very shortly after the offense. Ukwuachu sought to have the entire series of messages admitted into evidence in order to support his defense that the victim consented to sexual intercourse. The State requested that the trial court conduct a hearing pursuant to Rule 412 of the Rules of Evidence to determine the admissibility of the messages. The trial court conducted an in camera hearing at which only the parties and their attorneys were present. The trial court found that the messages prior to the offense were not admissible pursuant to Rule 412. The trial court also found that there

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not discuss the facts except as necessary to understand this opinion. TEX. R. APP. P. 47.3.

was enough of a break in between the messages that they did not constitute one conversation pursuant to Rule 107 of the Rules of Evidence (Rule of Optional Completeness).

Rule of Evidence 412 applies in prosecutions for sexual assault, aggravated sexual assault, or for attempts to commit sexual assault or aggravated sexual assault. Rule 412(a) absolutely prohibits opinion or reputation evidence of the past sexual behavior of an alleged victim in these prosecutions. Under Rule 412(b), however, evidence of specific instances of past sexual behavior may be admitted when three conditions are met. First, the procedural requirements of paragraph (c) and (d) concerning the in camera hearing and the sealing of the record must be satisfied. Second, the proponent of the evidence must establish that the evidence of specific instances of the victim's sexual behavior fall into one of the five categories set forth in Rule 412(b)(2). Third, under Rule 412(b)(3), the probative value of the offered evidence must outweigh the danger of unfair prejudice. Even if the evidence falls within the enumerated categories of Rule 412(b)(2), the court must further find that its probative value outweighs the danger of unfair prejudice. *See Holloway v. State*, 751 S.W.2d 866, 869-70 (Tex. Crim. App. 1988). Simply put, if the evidence falls within any of the exceptions itemized in Rule 412(b)(2) and its probative value outweighs the danger of unfair prejudice, it is admissible. *See Boyle v. State*, 820 S.W.2d 122, 148-49 (Tex. Crim. App. 1989).

In this case, the text messages were made immediately prior to the offense and appeared to potentially relate to prior occasions where the victim and Ukwuachu had engaged in some type of sexual conduct. We find that the messages in question would fall within the exception listed in Rule 412(2)(B) because the evidence "concerns past sexual behavior with the defendant and is offered by the defendant to prove consent." TEX. R. EVID. 412(b)(2)(B).[2]

The inquiry does not end there, however. The evidence must also be shown to be admissible pursuant to the balancing test required by Rule 412(b)(3). The function of the balancing test of Rule 412(b)(3), where the trial court balances the probative value against the danger of unfair prejudice, is generally consistent with that under Rule 403, although the tests do differ. TEX. R. EVID. 403. Under Rule 403, the opponent of the admission of the evidence bears the burden of showing that the danger of unfair prejudice substantially outweighs the probative value of the evidence. Under Rule 412(b)(3) the burden falls on the proponent of the evidence, in this case, Ukwuachu, to show that the probative value of the evidence outweighs the unfair prejudice. The general balancing test under Rule 403 weighs in favor of the admissibility of evidence, while Rule 412(b)(3) weighs against the admissibility of evidence. *See Boyle*, 820 S.W.2d at 148 n.9.

---

[2] Because we recognize that we are not the final authority to determine the admissibility of this evidence, we have intentionally avoided a detailed discussion or recitation of the content of the text messages.

It is not apparent from the record whether the trial court actually performed the balancing test required by Rule 412(b)(3). However, our review of the messages in question demonstrates that the probative value of the messages outweighed any unfair prejudice. The messages were probative on the issue of consent and were not particularly graphic nor did they paint the victim in a negative light. We find that Ukwuachu met his burden to demonstrate that the probative value outweighed the danger of unfair prejudice, and the trial court abused its discretion in finding otherwise.

**RULE OF OPTIONAL COMPLETENESS**

Rule of Evidence 107 states that "[i]f a party introduces part of an act, declaration, conversation, writing, or recorded statement, an adverse party may inquire into any other part on the same subject." The text messages in question started when the victim was letting her friend know that she and Ukwuachu were not coming to a Homecoming party and continued during the time the victim was in Ukwuachu's apartment. There was a short break in the messages during the time that the victim stated that the offense occurred and resumed almost immediately thereafter, resulting in the message that the State introduced during the victim's testimony where she texted her friend that Ukwuachu had "basically raped [her]." We find that the text messages were part of an ongoing conversation and that after the State sought to introduce one of the messages, the Rule of Optional Completeness allowed Ukwuachu to inquire into any other part of

the same subject, which are the messages in question. The trial court's determination that Rule 107 did not apply was an abuse of discretion and therefore, erroneous.

**HARM**

Having found that the trial court erred by excluding the messages in question pursuant to either Rule 107 or Rule 412, we must determine whether this error was harmful. The erroneous exclusion of a defendant's evidence generally constitutes non-constitutional error unless the excluded "evidence forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense." *Potier v. State*, 68 S.W.3d 657, 665 (Tex. Crim. App. 2002). Here, the evidence excluded did not prevent Ukwuachu "from presenting the substance of his defense to the jury." *See id.* at 666. We therefore apply the harmless error standard of Rule 44.2(b) of the Texas Rules of Appellate Procedure. *See id.* at 662.

Rule 44.2(b) provides that any non-constitutional error which does not affect substantial rights must be disregarded. *See* TEX. R. APP. P. 44.2(b). Substantial rights are not affected by the erroneous exclusion of evidence "if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

In assessing the likelihood that the jury's decision was adversely affected by the error, we consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict,

and the character of the alleged error and how it might be considered in connection with other evidence in the case. *Motilla*, 78 S.W.3d at 355. Neither party has the burden to prove harm from an error. *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). It is the duty of the reviewing court to assess harm from the context of the error. *Id.*

We have reviewed and considered everything in the record using the appropriate standards. We find that because consent was the central issue in the proceeding, we cannot say that we have a fair assurance that the erroneous exclusion of the text messages did not affect the outcome of this proceeding, especially when considered with the other alleged errors in the trial of this cause. We sustain issue six.

## CONCLUSION

Having found that the exclusion of the text messages was erroneous and their exclusion harmed Ukwuachu, we reverse the judgment of conviction and remand this proceeding for a new trial. Because we have found this error to constitute reversible error, we do not reach issues one, two, four, or five. TEX. R. APP. P. 47.1.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Reversed and remanded
Opinion delivered and filed March 22, 2017
Do not publish
[CR25]

